## ALEXANDER CLARK V. JAMES T. NORMAN.

ERRORS, *Not Considered by Supreme Court; New Trial, When Not Granted.* Where a judgment was rendered in favor of the plaintiff, and against the defendant, and the defendant within less than a year thereafter, though not much less, filed a petition for a new trial on the ground of "newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial," (Civil Code, § 306, sub. 7, and § 10,) and at the trial on this petition, the parties agreed that the evidence, as set forth and alleged in the petition, should be considered as the petitioner's evidence in the case, and the original plaintiff then demurs to this evidence, and the court sustains the demurrer, *held,* that the supreme court, in a review of this ruling, will not consider any errors committed by the court below prior to the rendition of the original judgment, unless it appears that such errors entered into, or caused, or materially affected the subsequent ruling of the court below on the demurrer to the evidence. And further, *held,* that newly-discovered evidence, merely cumulative, is not a sufficient ground for a new trial; that newly-discovered evidence is not a sufficient ground for a new trial, unless it is material; that a new trial will not be granted upon the ground of newly-discovered evidence which the party asking the new trial might, by the exercise of reasonable diligence, have obtained for the first trial; that a new trial will rarely, if ever, be granted on account of newly-discovered evidence, if the only object of the newly-discovered evidence be to impeach the character of a witness who testified on the original trial, and certainly not, where the testimony of such

witness was immaterial in the case. And further, *held*, under the facts of this case, that the court below did not err in sustaining the demurrer to the evidence, and in refusing to grant a new trial.

*Error from Rice District Court.*

JULY 7, 1874, *Norman* brought an action against *Clark*, to recover damages for tearing down plaintiff's store-house building, situate on lots 19 and 20, in block 224, in the town of Raymond, Rice county, removing the materials thereof, and converting the same to the defendant's use. Trial by the court, August 12, 1875, and judgment for the plaintiff. May 10, 1876, *Clark* filed in the district court his petition for a new trial of the action, to which defendant *Norman* demurred. February 17, 1877, the court gave judgment for the defendant, and *Clark* brings the case here. The opinion states the facts.

*Jno. M. Muscott*, for plaintiff in error.

*Houk & Brown*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The defendant in error, James T. Norman, commenced an action in the court below against the plaintiff in error, Alexander Clark, for damages for tearing down a certain house and removing the materials thereof, and converting the same to his (Clark's) own use; and in such action the plaintiff below, Norman, recovered a judgment against Clark for $250 damages and costs. Within less than one year thereafter, though not much less, the defendant below, Clark, filed a petition in the court below for a new trial, upon the ground of "newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial." (Civil Code, § 306, sub. 7, and § 310.) A trial was had upon this petition, and it seems that the parties agreed that the evidence, as set forth and alleged in the petition, should be considered as Clark's evidence in the case. Norman demurred to this

evidence, and the court below sustained the demurrer. After sustaining this demurrer, the new trial asked for was of course refused, and judgment was rendered against the petitioner, Clark. Clark then brought the case to this court on petition in error.

Whether the court below erred or not in sustaining said demurrer, is really the only question which is fairly presented to this court. Other questions of a minor importance and of a subordinate character are of course involved in this main question, but what we wish to say is, that the sustaining of the demurrer includes and presents all the questions which are fairly and properly brought before us. If the demurrer was wrongfully sustained, we must reverse the ruling of the court below thereon, and order a new trial; but if it was rightfully sustained, then we must affirm the ruling of the court below thereon, and must refuse to order a new trial, and must also affirm the judgment of the court below, rendered on the sustaining of such demurrer. Many errors are alleged to have been committed by the court below prior to the rendition of the original judgment; but we cannot consider any of such errors unless we can see that they entered into, or caused, or materially affected, the subsequent ruling of the court below on the demurrer to the evidence. We have no "transcript" or "case-made" of the original case before us; and possibly if we had, we should not find the supposed or alleged errors complained of; but even if we should find them, it is possible that even then we should not find them properly saved or properly preserved in the record by exceptions or otherwise, so as to make them available to the defendant Clark. Neither will bad advice nor bad management on the part of Clark's counsel in the original case, require or authorize a reversal of the ruling of the court below on the demurrer to the evidence, unless we can see that such bad advice or bad management entered into or affected the ruling of the court below on the demurrer to the evidence; and perhaps not even then.

But did the court below err in sustaining the plaintiff's

(Norman's) demurrer? We think not. The defendant's supposed newly-discovered evidence was merely cumulative —it was not material in the case—it could have been discovered at or before the original trial, by the exercise of reasonable diligence, and probably by the exercise of even the slightest diligence, and a portion of it was to be used merely for the purpose of impeaching a witness who testified on the original trial, and who testified concerning only immaterial matters.

The main question on the original trial was, whether the plaintiff Norman had such an ownership, or interest, in the house in controversy, that he could recover for its demolition and conversion. Whether he had the possession of it, or the keys to it, at the time it was torn down and converted, were purely immaterial questions, except so far as they possibly tended to prove or disprove that Norman was the owner of the house. He did not allege in his petition that he had possession of the house, nor that he had possession of the keys thereto, and his right to recover did not depend upon these things. He might properly have recovered under his petition, even if Clark had had the possession of the house and of the keys for months and months before the destruction and conversion of the house. On the original trial, the plaintiff Norman proved *prima facie* that he was the owner of the house, and there was no evidence introduced which overturned this *prima facie* case. He also testified, in his own behalf, that he had the possession of the house up to the time of its destruction, and that he never gave the keys thereof to Clark, etc. Quintus Foster also testified, on the part of Norman, concerning the keys. The defendant Clark testified, in his own behalf, as follows: "At the time said building was taken down and removed, I was in possession of it; I had had possession of it for about six months previous to that time. Mr. Norman requested me to look after his things in that building, and gave me the keys to the building. There was a table and mower in there belonging to him."

The alleged newly-discovered evidence was evidence show-

ing, or tending to show, that Clark had had possession of
the house for about six months prior to the time when he
tore it down and converted it to his own use; that he also
had had possession of the keys, which had been delivered by
Norman to Clark's wife, and that Quintus Foster's character
for truth and veracity was bad.  It will be noticed that all
of this alleged newly-discovered evidence, except that por-
tion intended to impeach Foster, is merely cumulative; for
it pertains to matters, concerning which, evidence of a like
nature and character had previously been introduced by both
parties, on the original trial.  It is also immaterial—for if
it were all true, still the same finding and the same judgment
should be rendered in the case as were originally rendered
on the former trial; and but little diligence could have been
used to discover it, or to discover evidence of a like nature
or character, for the house in controversy was a store-house,
situated in the *town* of Raymond, where several families re-
sided.   Evidently plenty of witnesses could have been found,
who had knowledge concerning the possession of that house.
As to the impeachment of Foster: First, new trials can sel-
dom if ever be had for the purpose of impeaching the testi-
mony of a witness; and second, Foster's testimony was
immaterial.

That newly-discovered evidence, merely cumulative, is not
a sufficient ground for a new trial, see 9 U. S. Dig. (F. S.) 613,
No. 2185, and cases there cited.   That newly-discovered evi-
dence is not a sufficient ground for a new trial, unless it is mate-
rial, see 9 U. S. Dig. (F. S.) 609, No. 2095, and cases there
cited.   That a new trial will not be granted upon the ground
of newly-discovered evidence, which the party asking the new
trial, might by the use of reasonable diligence have obtained
for the first trial, see 9 U. S. Dig. (F. S.) 615, No. 2213, also
page 611, No. 2126, and cases there cited; and that a new
trial will rarely if ever be granted on account of newly-dis-
covered evidence, if the only object of it be to impeach the
character of a witness, who testified on the original trial, see
9 U. S. Dig. (F. S.) 614, No. 2203.   A new trial will cer-

tainly not be granted to enable a party to impeach the character of a witness whose testimony on the original trial was entirely immaterial.

Upon the facts of this case, we think that the court below did not err in sustaining the demurrer to the evidence, and in refusing to grant a new trial, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.