### THOMPSON v. DE LONG *et al.*

No. 2963.    Opinion Filed March 31, 1914.

Rehearing Denied May 5, 1914.

(140 Pac. 421.)

1.    **COURTS—Jurisdiction—Amount Involved.** Where a suit is based upon a contract, the consideration being due, in determining whether or not the district court has jurisdiction under section 10, art. 7, of the Constitution, and under section 1978, Comp. Laws 1909 (Rev. Laws 1910, sec. 1816), the interest accruing upon said contract can be added to the principal, and when the two together exceed the sum of $500, it comes within the jurisdiction of the district court.

2.    **CONTRACTS—Pleading—Sufficiency on Demurrer.** Where a petition is sufficiently explicit in pleading a contract and thereby raising an issue of fact upon which pleader would be entitled to recover in the case, such a petition is good upon demurrer.

3.    **BROKERS—Action for Commission—Instruction.** In a suit by brokers to collect their commission upon a contract to procure a person who is ready, willing, and financially able to buy upon the terms and conditions authorized and contracted for between the brokers and defendant, an instruction which authorized the jury to find a verdict for the plaintiffs if they believed, from a preponderance of the evidence, that the plaintiffs did procure a person who was ready, willing, and financially able to purchase the property upon the terms and conditions authorized by defendant, and through no fault of the plaintiffs the defendant refused to carry out the contract on her part, is not subject to the criticism that before a recovery can be had the jury must find

that the exact terms and conditions were complied with, for, if
the terms are complied with it includes a finding that the ''exact''
terms are complied with.

4. **APPEAL AND ERROR**—Findings of Fact. In a case where a
lawful contract is entered into and where the evidence reason-
ably tends to support the findings of a jury upon instructions of
the court properly advising the law, this court will not disturb
the same.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by W. W. DeLong and G. M. Thompson, doing busi-
ness as DeLong & Thompson, against Alice R. Thompson. Judg-
ment for plaintiffs, and defendant brings error. Affirmed.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*Jno. H. Wright* and *Clarence J. Blinn,* for defendants in
error.

RUSSELL, J. This suit, based upon a verbal contract, was
instituted in the district court of Oklahoma county by W. W.
DeLong and G. M. Thompson, doing business under the partner-
ship name of DeLong & Thompson, in Oklahoma City, Okla-
homa, as plaintiffs, against Mrs. Alice R. Thompson, defendant.
It is, in substance, alleged: That on or about the 15th day of
December, 1909, the defendant employed the plaintiffs to pro-
cure a purchaser for her for her property situated in Oklahoma
county, to wit, lots 11, 12, 13, and 14, in block 12 in Brusha's
Second addition to Oklahoma City; that the terms of said list-
ing were as follows: The defendant authorized and employed
the said plaintiffs to secure a purchaser for said real estate for
the sum of $5,000 net to her, any and all sums in excess of the
said $5,000 to be retained by the plaintiffs as their commission
for said services in securing a purchaser for said property; that
said plaintiffs accepted the employment under the terms above
set forth, and on or about the 15th day of December, 1909, in
accordance with the listing and holding of said property for sale
by plaintiffs, secured a purchaser for said real estate who was

ready, able, and willing to buy said property and pay therefor the sum of $5,500. That by reason thereof the plaintiffs became entitled to the sum of $500 as their commission for services in procuring such purchaser under the terms of said contract; that plaintiffs notified the defendant that they had secured such purchaser, and demanded of the defendant the sum of $500 earned as commission, etc., which payment the said defendant refused to make. The plaintiffs pray for judgment against the defendant in the sum of $500 with interest from this date at the rate of 6 per cent per annum, costs of suit, etc. With the filing of their petition on February 21, 1910, there was filed in said court an affidavit for attachment, in proper form, and alleging, among other things, that said defendant was a nonresident of the state of Oklahoma, and a resident of the state of New York, in the city of Syracuse. On the same date a writ was issued against the property of the defendant found in the state of Oklahoma, etc. And on February 23, 1910, the sheriff attached lots 11 and 12 in block 12 of Brusha's Second addition to Oklahoma City, Oklahoma county, state of Oklahoma, as the property of the defendant, and made said levy and return as the statute required.

Defendant's general demurrer was heard and overruled, and exceptions reserved. The defendant, Alice R. Thompson, then answered by general denial. The next step in the proceedings was the motion of defendant to dismiss for want of jurisdiction, and in support of said motion quotes, first, section 10, article 7, of the Constitution of Oklahoma, which is:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court."

Also, section 1978, Comp. Laws 1909 (Rev. Laws 1910, sec. 1816), which is:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, shall have concurrent jurisdiction with the district court in civil cases in any amount over $500 and not exceeding $1,000, exclusive of interest, and exclusive original jurisdiction in all sums in excess of $200 and not exceeding $500."

Which motion was, on the same day it was filed, to wit, March 20, 1911, overruled by the court, and exceptions reserved.

A trial was had to a jury, and the testimony can be stated in a very brief space. In substance, G. M. Thompson stated that he and W. W. DeLong were partners; that he was familiar with the location of lots 11, 12, 13, and 14, in block 12, Brusha's Second addition to Oklahoma City, and was personally acquainted with the defendant; that in May, 1909, he met the defendant on Hudson street in Oklahoma City and she stopped him; that "she had been in our office previous to this time a great many times, and I think it was the first instance she had ever given us the privilege of selling her property, or asked us to furnish her a customer. She listed her property with me for sale for $5,000 net, at least one-half cash and one-half she would give terms on at 8 per cent. I went to my office and put it on the books." Referring again to what she said, the witness stated she wanted to sell the property, and would sell it for $5,000 net to her; that "we should get our commission above that;" that pursuant to this verbal listing agreement with the defendant the plaintiffs put a sign upon the property and advertised it in the paper, showed the property to several prospective customers, and one Haley was the first customer with whom the plaintiffs were able to agree upon terms, which they did, and Haley paid plaintiffs $200 down and signed a contract, and thereupon plaintiffs notified defendant of the sale and gave Haley the following receipt:

"Oklahoma City, Okla., Dec. 15, 1909.

"Received of Edward Haley Two Hundred and no-100 Dollars, part payment of lots eleven (11), twelve (12), thirteen (13), and fourteen (14), in block twelve (12), Brusha's Second addition to Oklahoma City, Okla. The balance Fifty-three Hundred Dollars to be paid as follows: Thirty-five hundred dollars, less two hundred first paid in cash, and two thousand in payments thereafter at 8 per cent. interest, said deal to be closed as soon as owner can be found and make deed with abstract.

"DE LONG & THOMPSON, Agents.
"EDWARD HALEY."

In his testimony, this letter of the defendant to the plaintiffs, properly identified as received by them, is as follows:

"Okmulgee, Okla., Dec. 15, 1909.

"DeLong & Thompson,

"Gentlemen—Your letter just received. In regard to my property on Fourth St. I would not want to take 'for it now what I would have taken six or seven months ago, when I was talking with you about it. If you could have sold it at that time for $5,000 I would have taken it, as I could not dispose of it at that time; I changed my mind about selling, and concluded to keep it awhile longer. Since then several parties have wanted me to put a price on it. If later I decide to list it will let you know, but would not want to tie it up more than two months at a time.

"Very truly,
"ALICE R. THOMPSON."

On cross-examination, defendant's counsel asked the witness to state when, if ever, he informed Mrs. Thompson of the transaction had between his firm and Mr. Haley with reference to this property, and the witness answered that he personally wrote the defendant a letter the same day or the next one of the Haley transaction. He also stated that he did not enclose Mrs. Thompson a deed because the practice always requires an abstract to show the title is all right. He also stated that he never had the abstract, nor did he enclose a memorandum of his contract with Haley in his letter to Mrs. Thompson and, on this point, he said, "I notified her we had a payment on the property, the price and the terms, etc."

Defendant then filed a demurrer to plaintiffs' evidence, for the reason that the same does not prove or tend to prove facts supporting the petition, or tend to prove facts sufficient to constitute a cause of action in favor of the plaintiffs, and prove sufficient facts to entitle plaintiffs, or either of them, to any relief whatever against the defendant. This was overruled. For the same reasons alleged, the defendant made a motion for the court to direct a verdict for the defendant. The jury being excused, the court heard the argument of defendant and overruled the motion, and exceptions were reserved. The defendant did not introduce any testimony, but rested her case on the demurrer to plaintiffs' evidence, and the requested instruction.

The defendant requested two instructions, to wit:

"You are instructed, gentlemen of the jury, that before the plaintiffs can recover in this action, you must find that they have proven by a preponderance of the evidence that they had a contract with the defendant authorizing them, as real estate brokers, to procure for defendant a purchaser ready, willing, and able to take the property on the exact terms specified in such contract."

Which the court refused, and exceptions reserved.

"You are instructed that in order to have produced Haley as a purchaser, plaintiffs must have actually introduced Haley to defendant, and thereby brought Haley and defendant together, or plaintiffs must have taken a binding and enforceable contract from Haley on the exact terms of the listing contract, and must have presented such contract to defendant under such circumstances as to enable defendant to satisfy herself as to Haley's financial responsibility."

Which the court refused, and exceptions reserved.

The court then instructed the jury, and at the conclusion permitted plaintiff and defendant, each, to save exceptions to each and all of the instructions given by the court. The verdict of the jury was returned in favor of the plaintiffs, and assessed the amount of their recovery at the sum of $500. The defendant's motion for new trial, embracing all the alleged errors claimed by her happening on the trial, was heard in time and overruled by the court, to which ruling exceptions were taken, and time given to file case-made in this court. Plaintiff in error's (defendant below) assignments of error are numbered from 1 to 26, inclusive, which present the matters complained of during the progress of the trial.

In the disposition of this case we will only deal with those assignments of error presenting matters that should be passed upon, and we say that there are a number assigned that, in our judgment, are not of merit, or at least of sufficient merit—that would affect the substantial rights of the parties.

Plaintiff in error's second assignment relates to the action of the court in overruling her motion to dismiss said action for want of jurisdiction, and, in support of said motion, quotes the section of the Constitution and Comp. Laws 1909, *supra,* and decisions from this court, among others: *Adair v. McFarlin,* 28 Okla. 633, 115 Pac. 787; *Good et al. v. Keel et al.,* 29 Okla. 325, 116

Pac. 777. The authorities referred to in no wise conflict with the opinion of this court lately handed down, and which is decisive of the question presented as to the jurisdiction of district courts. It is argued, quite plausibly, that as the amount is, from counsel's viewpoint, not over $500, under the statute in force when the suit was brought the district court was without jurisdiction. Under the presentation made, the jurisdictional feature consists of the amount involved in the suit at the time of its institution, and is the rule invoked testing the jurisdiction of the court. We shall determine this matter solely upon the proposition whether the amount the plaintiffs were entitled to under the pleadings was within the jurisdiction of the district court. The suit being based upon a contract, the consideration for which becoming due when the contract was performed in December, 1909, the plaintiffs below were entitled to interest on said amount, under the statute, at least from January 1, 1910, and when this suit was instituted on February 21, 1910, sufficient interest had accrued, due plaintiffs, to make their claim over $500. In the case of *St. Paul Fire & Marine Ins. Co. v. Peck, ante,* 139 Pac. 117, in referring to the act of 1909 treating of the concurrent jurisdiction of the county court with the district court in an amount over $500, and not exceeding $1,000, exclusive of interest, it was held that the clause "exclusive of interest" following the words "not exceeding $1,000," modifies that sentence, which means that the maximum of concurrent jurisdiction, to wit, $1,000, is exclusive of interest, but that the minimum concurrent jurisdiction, to wit, over $500, can be made up of principal and interest, and if the two, together, are over $500, then jurisdiction obtains in the district court. The opinion referred to announces this doctrine, which is stated in 11 Cyc., p. 779, among authorities cited:

"It is the general rule that where the principal sum sued for is less than is necessary to confer jurisdiction upon the court, if the accrued interest, together with said principal, amount to a sum sufficient to confer jurisdiction upon the court, the court will have jurisdiction of said suit."

It has been decided that costs cannot be considered in determining whether the amount in controversy is sufficient to confer

jurisdiction upon the particular court. We deem it unnecessary to discuss this feature further than to say that there was no error in the action of the trial court in overruling the motion to dismiss the case for want of jurisdiction.

Plaintiff in error's third assignment of error complains of the action of the court in overruling the demurrer to plaintiffs' petition. We have read carefully the points presented in their brief, and hold that the action of the trial court in overruling the demurrer was right. The petition is certainly good upon a general demurrer. What more can be required of a petition based upon a contract such as the one at issue, when it alleges everything was performed as agreed upon and the character of the contract stated, in other words, a compliance with the full and complete legitimate agreement between two parties, when it is simply attacked by a general demurrer? The contract was that the plaintiffs below were authorized by the defendant below to "secure a purchaser for her real estate, and if they secured a purchaser for her real estate that they should have all over $5,000," and not only had they secured such a purchaser who was ready, willing, and able to buy, and who agreed to buy the property at $5,500, but he had paid down $200 upon a contract of purchase awaiting an abstract, which he had a right to await. Now, on this point, it is the contention of plaintiff in error that, in such a case and under such a contract, the brokers must do more than secure the purchaser, and that they must produce the purchaser, that is, they must bring the owner of the property and the purchaser together, and the petition failing to allege that the brokers brought the owner and purchaser together, it was bad upon demurrer. We cannot see any such necessity under this case for such pleading as is suggested by plaintiff in error. Under this case, the brokers (plaintiffs below) were the agents and representatives under authority of the defendant below, and they got together with the purchaser under the terms and stipulations that they were authorized by defendant below (plaintiff in error) to make. We would not stress this matter, as we apparently have done, but for the seeming insistency of plaintiff in error's counsel, and we are unable to see the force of the contentions made against the

judgment rendered below when we apply the touchstone of reason and the law applicable to the record as made.

It is urgently insisted by plaintiff in error that the trial court erred in refusing the two special requested instructions. These instructions have been incorporated, *supra*. The first of these requested instructions was to the effect that, before the plaintiffs could recover, they must have found a purchaser for the property on the *exact* terms of such contract, whereas the instruction complained of, given by the court, required that a purchaser of the property be found according to the terms of the contract.     We do not appreciate the distinction between the "terms of a contract" and the "exact terms" complied with.     If the terms of a contract are complied with, it is *exactly* complied with, as we understand it.,

Special requested instruction number two is to the effect that the plaintiffs must have actually introduced the purchaser to the owner, thereby bringing the purchaser and owner together, or, if not, these plaintiffs must have taken a binding and enforceable contract from Haley on the exact terms of the listing contract, and must have presented such contract to defendant (owner) under such circumstances as to enable defendant (owner) to satisfy herself as to Haley's (purchaser) financial responsibility.     It is plaintiff in error's contention that such things should have been done as a condition precedent to the securing of a purchaser who was ready, willing, and able to, and did pay his bonus money to carry out a contract that plaintiffs were authorized to make with him by the owner.     The law does not require either vain or impossible things.     The contract, as we view this record, was complied with, and the brokers, in addition thereto, represented the owner, and this was not disputed on the trial.

We have read the court's instructions to the jury, and, under the facts of this record, we are unable to understand how he could have otherwise instructed the jury without violating the law applicable to the case.

The principles announced in the decisions submitted in plaintiff in error's brief, to our minds, are good law, but do not affect the conclusion we have reached, and, therefore, we deem it

unnecessary to prolong this opinion, already too lengthy, in seeking to present the matters demanding our attention in this record, and which are decisive of this case.

There being no error affecting the substantial rights of the parties in this case, the judgment of the district court of Oklahoma county is in all things affirmed.

·All the Justices concur.