CHILDS v. MOORE *et al.*

No. 6385. Opinion Filed April 18, 1916.

Rehearing Denied May 9, 1916.

(157 Pac. 333.)

1. **BROKERS—Actions for Compensation—Right of Action.** Where a real estate broker, acting under written authority from the proposed seller, procures a purchaser for the land involved, ready, willing, and able to buy upon the terms proposed by the seller, and secures the signature of such purchaser to an enforceable written contract of sale, and thereupon the seller, through her agent, refuses to make any sale at all, it is not necessary for the broker to bring the written contract to the attention of the proposed seller before he is entitled to his commission.

2. **DAMAGES—Liquidated Damages or Penalty.** A provision in a contract providing that, should either party make a default in the terms thereof, each agrees to pay the adverse party the sum of $100 as liquidated damages, is void, when by the nature of the case it would not be extremely difficult to fix the actual damages for breach of the contract.

3. **SUFFICIENCY OF EVIDENCE.** Evidence examined, and **held** to support the judgment.

(Syllabus by Burford, C.)

*Error from County Court, Okmulgee County;*
*Mark L. Bozarth, Judge.*

Action by James S. Moore and another against Lucy Childs to recover a real estate commission. Judgment for plaintiffs, and defendant brings error. Affirmed.

*E. N. Carter* and *Chas. A. Dickson,* for plaintiff in error.

*Frank F. Lamb* and *Fred M. Carter,* for defendants in error.

Opinion by BURFORD, C.   In this case the plaintiffs in the court below sued for a real estate commission, alleged to have been earned by procuring a customer for a certain tract of land, who was ready, willing, and able to buy the same. The plaintiffs were operating under written authority signed by the husband of the defendant, executed on November 4, 1912, by which, for a period of 60 days, he agreed on behalf of his wife to transfer a certain 80 acres of land for $45 per acre, and to make the deed read for any amount above $45. It was the evident intent of the parties that the real estate broker should have any excess in price over $45 per acre which he could obtain. The broker procured a purchaser who entered into a written contract for the purchase of the land at $4,400. It was provided in the contract that $1,000 was to be paid in cash, $2,000 to be paid on January 1, 1913, and $1,400 to be paid by making a farm loan due January 1, 1918, at 8 per cent. interest. Upon procuring this contract the broker called upon the husband of the defendant and found him and his wife in the office of an attorney in the act of executing an oil lease: The husband advised the broker that they were not going to sell, but were going to give a lease for oil.

At the trial it was not disputed that the husband was the agent of the defendant in executing the contract with the plaintiffs. In our judgment the evidence as to his general authority at that time is sufficient, that such authority still continued at the time of the sale, and that

it was broad enough to authorize him to act for the defendant in the refusal to make the transaction. It is charged that the contract with the broker contemplated a cash sale, whereas the contract made with the purchaser was upon different terms. It is to be noted, however, that $1,000 was to be paid in cash, $2,000 to be paid on January 1, 1913, which was within the term of the 60-day opt'on executed on November 4, 1912, and it was further satisfactorily shown by the testimony that the farm loan was to be so arranged that the defendant would receive cash for it upon the completion of the transaction. In our judgment this sufficiently complies with the terms of the original contract.

It is further insisted that the contract was not presented to the defendant, and that therefore the plaintiffs cannot recover under the decision in *Reynolds v. Anderson*, 37 Okla. 368, 132 Pac. 322, 46 L. R. A. (N. S.) 144, and *Gilliland v. Jaynes*, 36 Okla. 563, 129 Pac. 8, 46 L. R. A. (N. S.) 129. The contract in question was signed by the purchaser and by the broker, who was acting under written authority of the defendant. Furthermore, the defendant, through her husband, showed to the broker that she was not going to make any contract at all, and it would therefore have been a useless formality for him to have presented the contract to her. The law does not require a useless thing to be done. The same result was reached upon very similar facts in *Bleecker v. Miller*, 40 Okla. 374, 138 Pac. 809, and *Thompson v. De Long*, 40 Okla. 718, 140 Pac. 421.

It is further urged that the written contract made by the agent was not enforceable by reason of the fact that it contained the following clause:

"It is further agreed that should either party hereafter make default in the terms of this agreement that he agrees to pay the adverse party herein the sum of $100.00 as agreed upon and liquidated damages, payable on demand."

This provision of the contract was void. Rev. Laws 1910, secs. 974, 975; *Haier v. McDonald,* 21 Okla. 470, 96 Pac. 654; *Home Pattern Co. v. Mascho,* 46 Okla. 55, 148 Pac. 131. Inasmuch as it is entirely severable from the rest of the contract, the remainder of the contract may stand and leave a valid and enforceable agreement.

We have examined the evidence and the instructions of the court and find no error therein.

The judgment is affirmed.

By the Court: It is so ordered.