**SINOPOULO OIL CO. et al. v. BELL et al.**

No. 7561—Opinion Filed Oct. 10, 1916.

(160 Pac. 448.)

1. **New Trial—Newly Discovered Evidence—Diligence.**

A motion for a new trial will not be granted upon the ground of newly discovered evi-

dence where the same is cumulative in its nature, and the parties offering the same have not diligently endeavored to procure the evidence for the trial.

### 2. Appeal and Error — Discretion of Trial Court—Refusal of New Trial.

The judgment of the trial court denying a motion for a new trial will not be disturbed, unless it clearly appears that the trial court abused its discretion.

(Syllabus by Hooker, C.)

Error from District Court, Muskogee County; R. P. de Graffenried, Judge.

Action by Thomas A. Bell against the Sinopoulo Oil Company and others. Judgment for plaintiff, and defendant Sinopoulo Oil Company and another bring error. Affirmed.

Noffsinger & Broome, and Keaton, Wells & Johnston, for plaintiffs in error.

Zevely, Givens & Stoutz, for defendant in error Thomas A. Bell.

Opinion by HOOKER, C. On the 25th day of July, 1913, Thomas A. Bell made and entered into a contract with the other parties to this action whereby an oil well for said parties was to be drilled to a depth of 1,600 feet, unless oil or gas was found in paying quantities, or Muskogee or Mississippi limestone was reached at a lesser depth, for which he was to receive the sum of $3,200.

The plaintiff alleges in his petition the execution of this contract, and a full compliance with all of its terms by him, and that he had drilled said well to the Mississippi limestone, as was contemplated by the contract, and that the depth to which he had drilled said well was 1,388 feet, and that by the terms of said contract there was due to him the sum of $3,200, less $212, being the reduction to be made by him for the difference between the depth said well was drilled and 1,600 feet. It was contended by the defendant below that said well was not drilled to the Mississippi limestone, and that the said Bell had not complied with the terms of his contract, but had abandoned the well by reason of a failure upon his part to drill the same properly whereby the drill became fastened and lost in said well.

The plaintiffs in error have assigned two reasons why this judgment should be reversed: First, error of the court in giving instructions Nos. 4 and 6; second, error of the court in overruling a motion for a new trial filed by the plaintiffs in error in the court below, which motion was based largely upon newly discovered evidence, as appears from the affidavits on file in this action.

It will be seen from an examination of the contract here that when Bell drilled this well until he had reached the Mississippi limestone, that he had complied fully with the terms of his contract. He obligated himself first to drill this well 1,600 feet, unless oil or gas was found in paying quantities, or unless the Mississippi limestone was reached at a lesser depth, and for this he was to be paid $3,200; but if the Mississippi limestone was reached before the depth of 1,600 feet and oil or gas were not produced in paying quantities, then a reduction was to be made of $1 per foot for the difference between the depth drilled and 1,600 feet, and in the event oil or gas was not found and the Mississippi limestone was not reached when the well was drilled 1,600 feet, then he obligated himself upon the request of other parties to continue to drill until the Mississippi limestone was reached or oil or gas found.

It is thus apparent from the terms of this contract that when the Mississippi limestone was reached this contract was performed by Bell. He alleged in his petition that the Mississippi limestone was reached in the drilling of this well. His witnesses corroborated his assertion, and the issue was submitted to the jury, and the jury by the verdict rendered herein sustained his theory that the well had been drilled to the Mississippi limestone.

In fact the main issue in this case was whether the well in question was drilled until the Mississippi limestone was reached. The court in his instructions fairly submitted this case to the jury.

We have carefully considered the two instructions complained of, and when we considered these two instructions in connection with the other instruction given by the trial court we can see no reversible error here. The vice urged against instruction No. 4 is that it eliminates from the consideration of the jury the depth of the well, and that it is a direction upon the part of the trial court for the jury to find that the well had been drilled 1,388 feet. When we consider the evidence in this case, the plaintiffs in error were not prejudiced by the giving of this instruction. Every witness here who testified as to the depth of the well fixed the same at 1,388 feet. And not a single witness testified to the contrary. And inasmuch as all the evidence upon that question was to the effect that the well was 1,388 feet, and that fact not being disputed, the trial court did not commit any error in assuming that fact sustained by the evidence and instructing the jury, as set out in instruction No. 4.

Instruction No. 6 is not subject to the ob-

jection urged by the plaintiffs in error, for it was the sole issue in this case whether Bell had drilled the well to the Mississippi limestone, and under the terms of the contract here when he had drilled the well until the Mississippi limestone was reached, he was obligated to drill no farther, and, as stated hereinbefore, it was his contention that he had reached the Mississippi limestone, and this was denied by the defendants below, and this issue was clearly submitted by instruction No. 6 to the jury, and it is perfectly clear from an examination of the contract that if he reached the Mississippi limestone, he was entitled to his money, and had the right to quit and demand payment.

It is further asserted by the plaintiffs in error that the trial court should have granted them a new trial, on account of the newly discovered evidence set up in the affidavits filed in this action. We have carefully considered these affidavits. They all go to the main issue in this case whether the Mississippi limestone was reached by Bell in drilling this well.

The plaintiffs in error from the time of the filing of this action in the court below on the 26th day of September, 1913, up to November, 1914, knew or should have known that the issue in this case was whether Bell had reached the Mississippi limestone in drilling this well.

It appears here that within three days after the verdict in this case was rendered this evidence was had, as shown by the affidavits attached to the motion for a new trial, all of which tended to substantiate the theory of the plaintiffs in error, that Bell had not reached the Mississippi limestone. This evidence could readily have been procured by the plaintiffs in error, had they exercised any diligence whatever in preparing their case for trial. The well had been drilled upon their property; the cuttings taken therefrom was on their grounds. They had every opportunity for which they could reasonably ask to have made examinations or to have applied any test known to science to determine this question, yet they did not avail themselves thereof. Upon the trial below they did introduce a bottle of cuttings said by one of the plaintiffs in error to have been taken from this well. The contents of this bottle was subjected to a test by a chemist in the presence of the jury, and his testimony was, that it was not Mississippi limestone, and other witnesses were introduced by the plaintiffs in error to that effect; yet the jury, after hearing this evidence, found adversely to the plaintiffs in error. When we consider the cumulative character of this evidence and the lack of

diligence used by the plaintiffs in error, we cannot say that the trial court abused its discretion in refusing to grant a new trial in this case, nor can we say that if this evidence had been submitted to the jury, that there is any probability that the jury would have rendered any different verdict from the one rendered in this case.

Finding no error in this record, the judgment of the lower court is affirmed.

By the Court: It is so ordered.