## SMITH et al. v. AUTRY et al.

No. 8381—Opinion Filed Dec. 11, 1917.

Rehearing Denied Jan. 8, 1918.

(169 Pac. 623.)

1. **Libel and Slander — Slander of Title— Prevention of Sale.**

In an action for damages for slander of title where the substance of the cause of action is the prevention of a sale by the alleged wrongful acts of the defendant, it is not necessary for the plaintiff to show that he had an enforceable contract between himself, the owner, and the prospective purchaser; it being sufficient to be shown that the prospective purchaser was able, ready, willing, and would have purchased if it had not been for the wrongful acts of the defendant.

2. **Damages — Exemplary Damages — Evidence.**

In an action for actual and exemplary damages, evidence of the financial condition of the defendants is competent to go to the jury to enable it to determine the amount of the exemplary damages.

3. **Appeal and Error—Harmless Error— Taking Pleadings to Jury Room.**

Where the court has clearly and definitely defined the issues in his instructions to the jury, and instructed it that it is to be governed by the law as given to it in his instructions, it is not prejudicial error for the court to allow the jury to take the pleadings with it to the jury room.

4. **New Trial—Newly Discovered Evidence —Cumulative Evidence—Diligence.**

Where a motion for a new trial on the grounds of newly discovered evidence discloses that the purported newly discovered evidence is only cumulative, and that the party presenting such motion has not used due diligence in producing the newly discovered evidence at the trial of said cause, it is not error for the court to refuse a new trial on such ground.

(Syllabus by Pryor, C.)

Error from District Court, Payne County; A. H. Huston, Judge.

Action by G. F. Autry and another against Clayton S. Smith and another. Judgment for plaintiffs for damages and for equitable relief, and defendants bring error. Affirmed.

Burdick & Wilcox, for plaintiffs in error.

C. C. Suman, for defendants in error.

Opinion by PRYOR, C. This is an action commenced by G. F. Autry and G. E. Autry, defendants in error, against Clayton S. Smith and C. Ray Smith, plaintiffs in error, in the district court of Payne county to recover damages for slander of title to certain lots owned by the defendants in error. The parties will be referred to as they appeared in the court below.

The facts, as disclosed by the pleadings, so far as material to the determination of the question presented on appeal, are substantially as follows: That the plaintiffs are owners of certain lots in the city of Stillwater, Okla.; that on the 24th day of December, 1913, the plaintiffs negotiated a loan from the defendants for the sum of $850, principal, and interest notes and commission notes; that they made and executed a mortgage on said lots to the defendants to secure the payment of said loan; that the mortgage and note here was wrongfully and fraudulently dated the 1st day of De-

cember, 1913, without the knowledge or consent of the plaintiffs, whereas it should have been dated the 24th day of December, 1913; that a certain commission note which should have been in the sum of $85 was wrongfully and fraudulently drawn by the defendants for the sum of $93; that on or about the 16th day of December, 1916, the plaintiffs were negotiating the sale of said property to one Gillette, and had agreed upon the conditions of said sale and the purchase price, $3,500; that before finally consummating said deal the plaintiffs and the prospective purchaser examined the records in the register of deeds office and found that the defendants had filed of record a warranty deed purporting to have been executed by the plaintiffs, and purporting to be an absolute conveyance of said property; that said deed, if signed by the plaintiffs, was procured by fraud, concealment, and misrepresentations, and in pursuance of a conspiracy to cheat and deprive the plaintiffs of said lands; that the first knowledge they had of the existence of such deed was their finding of said deed of record on or about the 16th day of December, 1916; that the said prospective purchaser, Gillette, was willing, ready, and able to purchase the property, and would have done so had it not been for the wrongful acts of the defendants in filing for record the said fraudulent deed; that the procurement of the execution of said deed and the placing of the same of record was maliciously done by the defendants with the intent to injure and defraud the plaintiffs and deprive them of an advantageous sale of said property; that the plaintiffs have suffered by the wrongful acts of the defendants in actual damages the sum of $2,000, and by reason of damage to the plaintiffs' property and credit in the sum of $5,000, and ask exemplary damages in the sum of $5,000.

The separate answer of the defendants is in fact a denial of the allegations of the plaintiffs' petition and an assertion of the validity of the notes and mortgages complained of in plaintiffs' petition, and that the warranty deed was voluntarily given by the plaintiffs as a substitute for the real estate mortgage, and they asked, in way of a cross-complaint, that their mortgage liens be foreclosed against the plaintiffs. On the trial of the cause to the court and jury, the jury returned a verdict of $1,250 actual damages, and $750 exemplary damages. The court rendered judgment on said verdict for said amounts, and judgment in the nature of equitable relief in favor of the plaintiffs,

canceling said deed, holding said note and mortgage to be in the hands of innocent purchasers. From this judgment the defendants appealed to this court for review.

The assignments of error urged by the defendants are: First. That the evidence fails to sustain a cause of action in favor of the plaintiffs and against the defendants for the reason that the plaintiffs failed to establish that they had an enforceable contract with the prospective purchaser, Gillette, to sell said land. Second. That the trial court erred in admitting over the objection of the defendant incompetent evidence. Third. That the trial court erred in allowing the jury to take with it to the jury room the pleadings in said cause. Fourth. That the trial court erred in refusing the defendants a new trial on the grounds of newly discovered evidence. These assignments will be considered in the order stated.

It is the contention of the defendants that the evidence of the plaintiffs does not show that there was an enforceable contract between the plaintiffs and the prospective purchaser, Gillette, for the reason that under the statute of frauds said contract must be in writing, and the evidence does not show any such contract, and it is necessary for the plaintiffs to show such contract before they can show any damages. The gravamen or gist of the plaintiffs' cause of action is that the acts of the defendants wrongfully prevented the plaintiffs from making a sale of said property to the said Gillette; the prevention of the plaintiffs from entering into an enforceable contract with the said Gillette. If the plaintiffs should have entered into an enforceable contract with the said Gillette, the law seems to be settled that the plaintiffs' action then would have been to enforce his contract against the prospective buyer, and not against the plaintiffs for damages for slander of title. The very thing which the defendants contend was necessary to complete their cause of action against the defendants would have defeated their cause of action against them. Brentman v. Note (City Ct. N. Y.) 3 N. Y. Supp. 420; Paull v. Halferty, 63 Pa. 46, 3 Am. Rep. 518; 25 Cyc. 561; Burkett v. Griffith, 90 Cal. 532, 27 Pac. 527, 13 L. R. A. 707, 25 Am. St. Rep. 151; Collins v. Whitehead (C. C.) 34 Fed. 121.

The gist and substance of the plaintiffs' cause of action being the prevention of the sale, the contentions of the defendants that the plaintiffs must show an enforceable contract to sell between themselves and the prospective purchaser, Gillette, is unsound

and untenable. The evidence of which the defendants complain admitted by the court was evidence of the plaintiffs showing the transaction between them and the prospective purchaser, Gillette. This evidence, measured by any rule of evidence, was competent; that that the plaintiffs had a prospective purchaser who would have purchased had it not been for the acts of the defendants complained of is one of the essential elements that the plaintiffs must establish in order to establish their cause of action.

The next evidence complained of is the examination by the plaintiffs of one of the defendants, Clayton S. Smith, as to his financial condition. In an action wherein punitive damages are asked for, it is permissible to allow the plaintiff to prove the financial standing of the defendants in] order that the jury may assess a reasonable sum against him in the way of punishment for his acts. Jones on Evidence, § 159; Hayner v. Cowden, 27 Ohio St. 292, 22 Am. Rep. 303; Barkly v. Copeland, 74 Cal. 1, 15 Pac. 307, 5 Am. St. Rep. 413. If the law of evidence was otherwise, and such evidence was incompetent, it is very doubtful whether or not the evidence elicited from the defendant Clayton S. Smith in this case would be prejudicial to the defendant, as it seems that he did not disclose anything injurious or prejudicial to his cause.

The defendants complain that it was prejudicial error for the trial court to permit the jury to take with it the pleadings in said cause to the jury room on its retirement for the consideration of its verdict in this cause. The practice of allowing the jury to take with it the pleadings in the cause is very justly censured by many of the courts, and commended by none; while it is held it is prejudicial error to give the jury the pleadings for the purpose of allowing it to determine the issues therefrom, it is seldom ever held prejudicial error for the court to allow the jury to have the pleadings and take them to its jury room, where the court itself, in its instruction to the jury, has fully, clearly, and definitely defined the issues in the cause. The issues are to be determined from the pleadings, and the determination thereof is a duty of the court, and not of the jury. In this case the trial judge clearly and definitely set forth the issues between the plaintiffs and the defendants in his instructions to the jury, and instructed the jury that it is to be governed in its deliberation in this cause by the law as defined in the court's instruction, and did not leave the question of determining the issues from the pleadings to the jury. The court thereby deprived the act of permitting the jury to have the pleadings in its jury room of its prejudicial character. Ind. Cotton Oil Co. v. Beacham, 31 Okla. 384, 120 Pac. 969; Railway Co. v. Martin, 59 Kan. 437, 53 Pac. 461.

The last contention of the defendants is that the court erred in refusing to grant them a new trial on the grounds of newly discovered evidence. The application upon this ground shows that the claimed newly discovered evidence would be the testimony of Mrs. M. V. Smith and Carrie S. Spoon Hooker. The application shows that these witnesses, if produced, would testify that they were present in the office of defendants at the time of the alleged execution of the deed complained of by the plaintiffs; that Carrie S. Spoon Hooker was the stenographer of the defendants at the time and drew all the papers executed or purported to have been executed between the plaintiffs and defendants. She knew of her own personal knowledge that the plaintiffs signed said deed as their own free and voluntary act, knowing at the time what they were signing and the purpose for which said deed was executed. The defendants were both present at the time of the alleged transaction, and testified at the trial to the same statement of facts. The affidavit of Mrs. M. V. Smith was not attached to the application for a new trial or filed of record. This evidence, if produced on the trial, would be merely newly discovered evidence, which is cumulative, and it is not sufficient to justify the court in granting a new trial. Clark v. Norman, 24 Kan. 515; Twine v. Kilgore, 3 Okla. 643, 39 Pac. 388; Sinopoulo Oil Co. v. Bell, 61 Okla. 93, 160 Pac. 448. Further, the application does not show that the defendants used reasonable diligence in procuring this evidence at the time of the trial. There seems to have been no effort to produce either one of the witnesses at the trial of said cause. The reason the defendants offer for not producing Mrs. Smith as a witness is that the fact of her being present at the execution of said deed had vanished from their memory. Such would not excuse the defendants from producing said witness. Hobbs v. Smith, 27 Okla. 843, 115 Pac. 347, 34 L. R. A. (N. S.) 697. This court has often laid down the rule that the granting of a new trial on the grounds of newly discovered evidence is largely within the discretion of the court, and unless it is clearly and affirmatively shown that the court abused his discretion, this court will not disturb the refusal to grant a new trial on appeal.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.