### STRICKLAND v. PALMER.

No. 7173—Opinion Filed April 9, 1918.

Rehearing Denied May 21, 1918.

Second Petition for Rehearing Denied July 15, 1919.

(172 Pac. 932.)

Brokers—Action for Commission—Defenses.

In an action for a commission for the leasing of some land for oil and gas purposes, it is no defense that the agent did not procure a written lease or contract,

where the lessor failed to comply with his contract, and the nonprocurement of the contract or lease was due to his own act.

(Syllabus by Hooker, C.)

Error from County Court, Carter County; W. F. Freeman, Judge.

Action by J. H. Palmer against R. P. Strickland. Judgment for plaintiff, and defendant brings error. Affirmed.

Brown, Brown & Brown, for plaintiff in error.

Sigler & Howard, for defendant in error.

Opinion by HOOKER, C. Palmer sued Strickland in the lower court to recover commission for leasing of the land of defendant below for oil and gas purposes. He won, and defendant below has appealed here.

Plaintiff below asserted that he made a contract with defendant below by the terms of which it was agreed that he (Palmer) was to have one-fourth of whatever sum he could procure for an oil and gas lease on Strickland's 160 acres over and above $2.50 per acre or $400, and that it was agreed that when the parties were found who would lease the same plaintiff in error here would come at once to Ardmore and execute the lease, and that acting under said contract he found several parties who were ready, willing, and able to execute and accept said lease, and that he demanded of Strickland that he come to Ardmore at once and make said lease, which he failed to do, and that when he did come to Ardmore the parties who wanted to buy or purchase said lease had scattered and on account of the delay and subsequent developments, changed their minds, and that by reason of the facts so stated Palmer sought judgment for $100, being one-fourth of the lease price over $2.50 per acre. This was all denied by the defendant below, who asserted that he was unable to come to Ardmore when notified on account of the serious illness of his mother, but as soon as he could leave her he went to Ardmore and was ready to make the lease, but said parties could not be found to execute the same. These issues were submitted to the jury upon proper instructions of the court, and the issues of fact were found by the jury in favor of plaintiff below and duly approved by the court.

The defendant below has appealed here, and now contends that recovery should not be allowed in this action for the reason that plaintiff below did not bring the parties together, nor did he procure from the intended lessee any written contract, agreement, or lease. It was the theory of plaintiff below that under his agreement with defendant he was entitled to his commission as he had found a party ready, willing, and able to lease the property of defendant upon the terms and conditions demanded by defendant, and they were at the place and time stipulated by defendant to execute the lease and pay the money, and that defendant's failure to come within a reasonable time and execute the lease prevented the lease from being made.

This case must be considered upon the theory that the nonexecution of the lease by the intended lessee, and the inability of the defendant to procure the money, were due to the conduct of the plaintiff in error and to his failure to comply with his agreement stated above. That being true, he is not in a position to assert that the defendant in error is not entitled to his commission for the reason that the contract was never consummated or the lease executed.

In Young v. Hunter, 6 N. Y 203, it is said:

"It is a well settled and salutary rule that a party cannot insist upon a condition precedent, when its nonperformance has been caused by himself."

This court in Bleecker v. Miller, 40 Okla. 386, 138 Pac. 814, said:

'When the defendant sold the land to another purchaser, he, by his own act stopped the transaction, and it would have been an idle and useless ceremony to have asked the proposed purchaser to execute a contract of purchase to the property which had already been sold to another. * * * (Authorities cited.) The instructions, among other things, tell the jury that it was the duty of the plaintiffs to furnish a purchaser who was ready, able, and willing to purchase the property upon the terms and conditions prescribed by the defendant. The defendant contends that this purchaser was not ready, able, and willing to buy this property. That was a question of fact which was submitted to the jury under proper instructions, and there is evidence in the record tending to support the conclusions reached by the jury."

The jury said by the verdict rendered in this cause that Palmer had procured a party who was ready to execute this lease under the terms and conditions imposed by Strickland, and that the failure to have the contract closed and the lease executed was due to the conduct of the plaintiff in error.

There being evidence to support the verdict of the jury, and the cause having been submitted to the jury under proper instructions, the judgment of the lower court is affirmed.

By the Court: It is so ordered.