## BAIN v. WOLFENBARGER.

No. 13393—Opinion Filed April 29, 1924.

Rehearing Denied June 24, 1924.

1. **Appeal and Error—Questions Presented —Sufficiency of Evidence.**

In a law case, where the only questions presented by the petition in error and briefs involve the sufficiency of the evidence to support the verdict and judgment, this court will not resolve any mere conflict in the testimony and where there is evidence in the record which reasonably tends to support the verdict, a judgment based thereon will be affirmed.

2. **Contracts—Action for Breach—Objection to Introduction of Evidence—Sufficiency of Petition.**

A petition which sets up an express oral agreement between the parties, its breach by defendant, and damages resulting to plaintiff directly from such breach, states a cause of action and is good against an objection to the introduction of any evidence, especially where no demurrer was directed against it.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Harry Wolfenbarger against J. D. Bain to recover damages for breach of contract for the sale of real estate. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced April 28, 1920, by the plaintiff filing in the district court of Kay county, Okla., his petition against the defendant to recover $2,000 as

compensation for certain services of plaintiff to defendant in procuring a purchaser for certain real estate. Thereafter, on May 17, 1920, upon notice and before answer was filed, plaintiff filed his amended petition against the defendant wherein it was alleged substantially that plaintiff and defendant entered into an oral agreement whereby defendant employed plaintiff to sell certain real estate therein described for a price of $16,000 net to the defendant; that pursuant to said agreement plaintiff procured a purchaser for said land and entered into a contract with such purchaser whereby said land was sold for the sum of $18,000; that the purchaser of said land was a man of means and able and willing to carry out his contract; that after said contract was made defendant refused to execute a deed to said lands to the said purchaser, but on the contrary made a proposition to said purchaser to sell the lands to him direct for the sum of $17,000, thus increasing the price of said land for the defendant by the sum of $1,000 and decreasing the price thereof to the purchaser by the sum of $1,000, and by so doing attempting to defraud the plaintiff out of his commission of $2,000; that after the failure and refusal of the defendant to execute a deed to the purchaser for a net consideration of $16,000 said purchaser took down from a bank at Kaw City $2,000 which he had deposited in escrow in said bank as a payment on the purchase price and abandoned the contract to purchase; that by reason thereof plaintiff has been deprived of his profit from the sale of said land, and has been damaged in the sum of $2,000 by reason of the failure and refusal of the defendant to carry out his contract to convey said land for the price above stated.

Defendant answered by general denial and by an admission of ownership of the premises described in plaintiff's petition.

The case was called for trial December 15, 1921, whereupon defendant objected to the introduction of any evidence on the ground that the petition failed to state a cause of action, which objection was overruled and exception allowed. At the close of plaintiff's evidence defendant demurred to the evidence, which demurrer was overruled and exception allowed. At the conclusion of all the evidence defendant filed his motion requesting the court to direct a verdict in his favor, which motion was overruled and exception allowed. The trial resulted in a verdict in favor of the plaintiff for the sum of $2,000, and after unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review. The parties will be

hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

G. A. Chappell, for plaintiff in error.

Sam K. Sullivan and R. J. Shive, for defendant in error.

Opinion by LOGSDON, C. Four propositions are urged by the defendant for a reversal of this case, but each of the four propositions goes to the sufficiency of the evidence to sustain the verdict and judgment. It will, therefore, not be necessary to discuss these propositions separately but a determination as to the sufficiency or insufficiency of the evidence to support the verdict will dispose of all the propositions raised in defendant's brief. What is considered a fair abstract of the testimony shown in the record may be stated thus:

On or about February 23, 1920, defendant, J. D. Bain, came from his home in Kansas to Newkirk, Okla., en route to some point in the state of Texas; he visited relatives in Newkirk and during such visit expressed a wish to sell the lands described in plaintiff's petition in this action; that his nephew, Geo. E Bain, suggested to him that the plaintiff, Harry Wolfenbarger, was a good man to handle the sale of the property; that he authorized his sister-in-law to advertise said land for sale in the local paper for a price of $16,000; that on the day of his departure from Newkirk, and while going to the station to catch his train, he met the plaintiff Harry Wolfenbarger, and had a conversation with him; Wolfenbarger testified that defendant then employed and authorized him to sell the lands for the price of $16,000 net to the defendant; this is denied by the defendant; thereafter plaintiff, Wolfenbarger, entered into a written contract with one W. E. Tucker, in which contract said Tucker agreed and bound himself to purchase said lands for a price of $18,000 as soon as deed could be prepared and abstract of title approved; that plaintiff was to have 60 days within which to procure a deed and abstract; that said contract was entered into by plaintiff as agent of defendant, J. D. Bain, as shown in the face of said contract, and that said contract together with the sum of $2,000 paid on the purchase price by Tucker were placed in escrow in the bank at Kaw City; that the purchaser was able, ready, and willing to carry out the terms of this contract; that after considerable effort and delay plaintiff located the defendant, Bain, and advised him that he had procured a purchaser for the property, and requested him to execute and prepare deed and furnish abstract so that the trans-

action might be closed within the 60 days provided in the contract; that defendant failed and refused to execute a deed or to convey the property under said contract; that he wrote the purchaser, Tucker, offering to sell him the land for $17,000; that after defendant failed and expressly refused to convey said property, the purchaser, Tucker, on the 60th day after the contract was entered into drew down the $2,000 which he had deposited in escrow and the deal was off; on this same day, but after the money had been taken down, Bain went to Kaw City for the purpose of executing the deed; that after it became apparent that defendant would not convey the property this action was commenced by the plaintiff; there was testimony in the case also which showed certain admissions by the defendant in conversations, which tended to contradict his denial of plaintiff's agency and to corroborate the testimony of the plaintiff as to the details of the conversation between the two at the time plaintiff claimed the land was placed with him for sale.

The allegations of plaintiff's amended petition stated a cause of action and the ruling of the trial court upon the objection to the introduction of any testimony was correct. Thompson v. DeLong, 40 Okla. 718, 140 Pac. 421; Deming Inv. Co. v. Britton, 72 Okla. 144, 179 Pac. 468.

There is ample testimony in the record to go to the jury upon the question of plaintiff's authority to act as the agent of the defendant, and the action of the trial court in overruling the demurrer to the evidence was proper.

Upon the entire evidence in the case there was a conflict as to the plaintiff's authority, and, since it was the sole province of the jury to pass upon the fact of the agency under the conflicting testimony, it was not error for the trial court to refuse defendant's request for a directed verdict.

Upon a consideration of the whole case it is considered that no substantial error prejudicial to the rights of the defendant was committed by the trial court in this case, and that the evidence in the record, while in conflict, is sufficient to sustain the verdict and the judgment based thereon. Thompson v. DeLong, supra; Childers v. Moore, 57 Okla. 640, 157 Pac. 333; Bleecker v. Miller, 40 Okla. 374, 138 Pac. 809; Smith et al. v. Autrey et al., 69 Okla. 28, 169 Pac. 623; Strickland v. Palmer, 70 Okla. 212, 172 Pac. 932; Thornburg v. Hann, 79 Okla. 103, 190 Pac. 1083; Rosenberg v. Olsan, 88 Okla. 252, 212 Pac. 746.

It is, therefore, concluded upon the whole record that the judgment of the trial court in this action was correct, and that the same should be in all things affirmed.

By the Court: It is so ordered.