MANSUR-TEBBETTS IMPLEMENT CO. v. GEORGE R. WILLET.

(Filed June 30, 1900.)

1. REFUSAL OF VENDEE TO RECEIVE PERSONAL PROPERTY—*Damages— Measure of—Evidence—Demurrer to.* A clause or provision in a contract for the sale of personal property, where the legal title remains in the vendor, which stipulates for twenty per centum of the purchase price thereof as liquidated damages on failure to receive such property, is in conflict with sec. 857 and 858 of the Code, (1893), and therefore void. The measure of damages in such a case is, if the property has been resold, the excess, if any, of the amount due from the buyer, under the contract, over the net proceeds of the resale, or if the property has not been resold the difference between the value of such property to the seller and the price fixed in the contract, plus all necessary expenses in marketing or reselling the same, such sales to be made by the vendor in the same manner as if the property has been pledged to him; and where a plaintiff proves a violation of such a clause in a contract, but fails to prove that any actual damages were sustained by reason thereof, a demurrer to the evidence should be sustained.

2. LAWS OF OTHER STATES—*Unavailing Unless Pleaded.* Where one relies on the laws of another state to support a contract, they must be pleaded and proven, otherwise it will be presumed that such laws are the same as those of our own Territory. (*Greenville National Bank v. Evans-Snyder Buel Co.,* 9 Okla. 353.)

(Syllabus by the Court.)

*Appeal from the District Court of Kay County; before Bayard T. Hainer, District Judge.*

*Tetirick & Rose,* for appellant.

*Guy Graham* and *S. A. Jetmore,* for appellee.

Opinion of the court by

BURWELL, J.:   This is an action commenced in the district court of Kay county by the Mansur-Tebbetts Implement Company, a corporation, against George R. Willet, for the sum of $88.40, as liquidated damages, on account of the defendant's refusal. to receive, pursuant to a certain contract, nine buggies, which the plaintiff had sold to him. The defendant answered setting up a set-off for $119.35. To this answer the plaintiff filed a general denial. The case proceeded to trial and when the plaintiff rested, the defendant, by leave of court, dismissed without prejudice his claim for damages against the plaintiff, and demurred to plaintiff's evidence. The demurrer was sustained, and judgment for costs awarded to the defendant; plaintiff excepted, filed his motion for a new trial, which was overruled, and then appealed to this court.

The petition is not framed upon the theory that the plaintiff suffered actual damages, nor were any actual damages proven. The suit is brought upon sec. 4 of the contract, which the defendant admits he broke, and plaintiff must either win or lose upon the provisions contained therein. This section is as follows:

"The purchaser agrees:  Not to countermand this order; or any part of it, or have shipment held beyond present season, except on payment to Mansur-Tebbetts Carriage Mfg. Co., of 20 per cent of the invoice prices of said order, as liquidated damages; and in the event we countermand said order, or prevent shipment as per this contract, we agree to pay said Mansur-Tebbetts Carriage Mfg. Co., said

per cent as liquidated damages. If shipment of this order is directed held beyond time specified in this contract, it may be so held or cancelled at the option of said Mansur-Tebbetts Carriage Mfg. Co."

The evidence shows that the Mansur-Tebbetts Carriage Mfg. Co. is a name used to designate one department of the business of the Mansur-Tebbetts Implement Company and that the first name designated is used for convenience only.

Section 7 of the contract also provides that the title to the buggies, and the money received from the sale thereof, should remain in the plaintiff until the buggies were fully paid for, but also provided that nothing in the contract should release the vendee from making payment as in the contract agreed.

This contract, in so far as it attempts to fix a given sum, or per centum of the purchase price of the goods, as liquidated damages, is absolutely. void, and cannot be enforced.

Our Statutes 1893, sections 857 and 858, provides:

Section 857: "Every contract, by which the amount of damages to be paid, or other compensation to be made for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section.

Section 858: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

It would not be impracticable nor extremely difficult to fix the actual damages which plaintiff sustained by reason of defendant's refusal to receive the goods; therefore under the laws of Oklahoma the parties could not

stipulate as to any specific amount as liquidated damages. But plaintiff contends that the city of St. Louis, in the state of Missouri, is the place of the contract, and for that reason the contract should be governed by the laws of that state, citing authorizes similar to those in this case.

Conceding for the sake of argument that this contention is true, the plaintiff has not pleaded the laws of that state, and where the laws of another state are not pleaded they will be presumed to be the same as our own. The laws of Missouri not having been pleaded and proven, we must conclude that sec. 4 of the contract is also in contravention of a similar statute in force in that state. This rule is so well settled that we deem it unnecessary to cite authorities in support thereof.

The amount of damages which the plaintiff is entitled to recover from the defendant is governed by statute, and the parties cannot change the rule by fixing an agreed amount.

The title to this property was to remain in the vendor; it had not passed to the vendee; and sec. 2628 of chap. 26, on damages, of the Statutes of Oklahoma, 1893 provides:

"The detriment caused by the breach of a buyer's agreement to accept and pay for personal property the title to which is not vested in him, is deemed to be:

"First: If the property has been resold pursuant to sec. 4439, the excess, if any, of the amount due from the buyer, under the contract, over the net proceeds of the resale; or,

"Second: If the property has not been resold in the manner prescribed by sec. 4439, the excess, if any, of the amount due from the buyer, under the contract over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property

to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it."

Section 4439 referred to above is the section of that number in the Dakota code, which section was adopted into our code, and is now a part of sec. 2628, a part of which is quoted above, and we will not quote the remainder of the section:

"One who sells personal property has a special lien thereon, dependent on possession for its price, if it is in his possession when the price becomes payable; and may enforce his lien in like manner as if the property was pledged to him for the price."

This language is exactly the same as sec. 3208 of our statutes (1893) under the subject of Liens.

The plaintiff cannot recover under section 4 of his contract, but must be content with the measure of damages fixed by the statutes. The petition did not state a cause of action, nor was the evidence sufficient to entitle him to recover, and the demurrer thereto was properly sustained.

For the reasons herein stated the judgment of the trial court is affirmed, at the cost of appellant.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.