## HAIER v. McDONALD *et al.*

No. 2096, Okla. T.   Opinion Filed June 24, 1908.

(96 Pac. 654.)

**DAMAGES — Breach of Contract — Penalty — Statutory Provisions.**
A clause or provision in a contract providing that either party
failing to comply with and perform said contract shall pay to
the other party the sum of $500, is in conflict with section 816,
Wilson's Rev. & Ann. St. 1903, and therefore void, when by
the nature of the case it would not be impracticable or ex-
tremely difficult to fix the actual damages for breach of the
contract.

(Syllabus by the Court.)

*Error from District Court, Washita County; M. C. Garber, Judge.*

Action by John Haier against D. J. McDonald and Eli Mc-
Donald.   Judgment for defendants, and plaintiff brings error.
Affirmed.

*T. A. Edwards*, for plaintiff in error.
*Rutherford Brett*, for defendants in error.

KANE, J.   This was an action for damages commenced by
the plaintiff in error, plaintiff below, against the defendants in
error, defendants below, in the district court of Washita county.
The petition was in two counts, both alleging damages for breach
of contract, the first being for a stipulated amount stated in the
contract, and the second for the recovery of actual damges.   The
petition is in words and figures, as follows, to wit:

"Comes now plaintiff, and for cause of action against said
defendants alleges and states:   That on the 30th day of August,
1905, plaintiff and defendants made and entered into a certain
contract, a part of which contract was reduced to writing and
subscribed by said parties on the 30th day of August, 1905, and a
part thereof on the 31st day of August, 1905.   A copy of said
parts of said contract are hereto attached and marked, respectively,

'Exhibts A and B,' and made a part hereof. That by the terms of said contract the plaintiff agreed to convey to said defendants certain real estate, to wit: Lots 7 and 8 in block 40, in the town of Bessie, Washita county, Okla., with appurtenances thereunto belonging, and to sell and deliver to said defendants $2,500 worth of certain stock of merchandise belonging to said plaintiff and located on said real estate, all said property both real and personal to be conveyed and delivered to said defendants according to the terms and conditions of said contract. That, by the terms of said contract, the said defendants contracted and agreed to convey to said plaintiff certain real estate, to wit, the N. W. ¼ of section 25 in township 10 N. of range 15 W., I. M., in Washita county, Okla., with appurtenances thereunto belonging, and to sell and deliver to plaintiff certain personal property therein described and located on said real estate, all said property both real and personal to be conveyed and delivered to plaintiff according to the terms and conditions of said contract. It was further agreed between the plaintiff and defendants, by the terms of said contract, that plaintiff should immediately invoice said stock of goods and merchandise, and that in the event said stock should invoice more than said sum of $2,500 that said defendants should at once have joint possession with plaintiff and two-thirds of the profits of said mercantile business until said stock of merchandise should be reduced to said sum of $2,500, and that, on the completion of said invoice, the plaintiff should have possession of the personal property to be sold and delivered to him by said defendants according to the terms of said contract, and that the deeds to said real estate should be deposited by both plaintiff and defendants in escrow in the Bank of Bessie until the further conditions of said contract should be complied with, and it was further agreed that either party failing to comply with and perform said contract should pay to the other party the sum of $500 as liquidated damages. Plaintiff further alleges that he has performed all the conditions precedent on his part; that he immediately invoiced said mercantile stock after first notifying said defendants of the time for taking said invoice; that by said invoice said mercantile stock exceeded in value the sum of $2,500 and invoiced at $3,808.53; that immediately on completing said invoice plaintiff notified said defendants and tendered them with him a joint possession of said stock until same should be reduced to the value of $2,500, and plaintiff duly executed and placed in

escrow in the Bank of Bessie the deeds for the real estate to be conveyed as provided in said contract, and offered and tendered to said defendants a full compliance with all the terms and conditions of said contract, but that said defendants refused to comply with said contract, and refused to take a joint possession with plaintiff of said mercantile stock until same should be reduced to a value of $2,500, and refused to deliver to plaintiff the personal property to be by them delivered to plaintiff according to the terms of said contract, but sold a large part thereof to other persons and appropriated the proceeds thereof to their own use, and refused to execute deeds for said real estate to be by said defendants conveyed to plaintiff, and deposit same in escrow in the Bank of Bessie, and refused to comply with and perform any of the terms and conditions of said contract, and that plaintiff has performed all the conditions on his part, and has tendered to said defendants an exchange of property according to the terms of said contract and has tendered full compliance of all conditions to be performed on his part; that by reason of the breach of said contract by said defendants plaintiff has been damaged in the sum of $500 as liquidated damages as provided in said contract. * * *

"For a second cause of action against said defendants, plaintiff makes all the allegations of the first count of this petition a part of this count as fully as if herein set out, and further alleges: That, by reason of the breach of said contract by said defendants, plaintiff has great detriment and damage, in this, to wit, that plaintiff has been indebted for and has paid one Peter Dalke the sum of $100 as a commission for negotiating said contract; that plaintiff by reason of said contract has made three trips to the residence of said defendants, a distance of about 20 miles at an expense to plaintiff of $9; that, by reason of said contract, plaintiff was required to make a trip to the state of Kansas to make arrangements in reference to said contract at an expense to plaintiff of $25; that plaintiff has made five trips to Cordell in making and complying with the terms of said contract at an expense to plaintiff of $12.50; that plaintiff has invoiced said stock of merchandise according to the terms of said contract at an expense to plaintiff of $18; that plaintiff at the time of making said contract had made large orders for merchandise to replenish and continue said stock, said orders consisting of winter goods of dry goods and clothing and other merchandise, and that on the making of said contract with defendants plaintiff countermanded

said orders at the request and for the benefit of said defendants, and that since the breach of said contract by defendants plaintiff has been greatly damaged by reason of being without seasonable goods, the orders of which were, as aforesaid, countermanded by reason of said contract; that said goods have greatly appreciated in value, and plaintiff has been compelled to purchase same at a greatly advanced price, to plaintiff's damage in the sum of $500; that plaintiff has received actual damage by reason of the breach of said contract by defendants in the sum of $664.50, and. that plaintiff is entitled to exemplary damages in the sum of $500.

"Wherefore, plaintiff prays judgment against said defendants in the sum of $1,664.50 and for costs of suit and for such other relief, legal and equitable, as to the court may seem just."

The defendants filed a demurrer to each of the counts of the petition, which demurrer to the first count was sustained by the court, and the following order entered:

"The above cause coming on to be heard on the demurrer of the defendants to the first and second counts of the petition of plaintiff herein, and the court, being fully advised in the premises, finds that the demurrer to the first count of the petition of plaintiff should be sustained, and the court further finds that the demurrer to the second count of the plaintiff's petition should be overruled, and it is so ordered. Plaintiff elects to stand on the first count of said petition and reserves his exceptions to said ruling of the court, which said exceptions are duly allowed. And now, upon application, the court allows the plaintiff 60 days in which to prepare and serve a case-made, 10 days to defendants to suggest amendments and to be settled and signed on 5 days' notice by either party."

From the above order the plaintiff appealed to the Supreme Court of the territory of Oklahoma, and, the same being undisposed of on the admission of Oklahoma as a state, it was transferred to the Supreme Court of the state, under the terms of the enabling act and the Schedule to the Constitution.

The only error assigned is "that the court erred in sustaining the demurrer of defendants to the first count of petition of plaintiff." The court below sustained the demurrer to the first paragraph of plaintiff's petition on the theory that the contract sued

upon fell within the inhibition contained in section 816, Wilson's Rev. & Ann. St. 1903, which reads as follows:

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section."

The next section (section 817) reads as follows:

"The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix actual damage."

The above sections of our statutes are in substantial harmony with the general rule of law that the courts prefer, where practicable, to give an actual rather than an agreed compensation to the party injured by breach of contract; actual compensation being the favorite, as it is the fundamental principle of law governing redress for civil injuries. Recognizing the justness of the rule, no doubt the Legislature condemns as void to that extent all contracts which attempt to fix a compensation in anticipation of a breach thereof, unless it would be impracticable or extremely difficult to fix actual damage.

The question, then, for this court to decide, is: Would it be impracticable or extremely difficult to fix actual damages for breach of the contract sued upon? In this second cause of action the plaintiff pleads actual damages with a minuteness and precision that precludes the idea that it was impracticable or extremely difficult to fix actual damages. He itemizes his actual damages with refined minuteness, and states that he has received actual dmages by reason of the breach of said contract by defendants in the sum of $664.50. From a careful scrutiny of the contract, which has to do with an ordinary business transaction, it would seem that this accuracy of statement as to actual damages was justified by the nature of the case. The court below took the view that the contract was invalid under section 857, Wilson's Rev. & Ann. St. 1903, *supra.* While the old rule of determining

whether a provision in a contract fixing a sum to be paid as damages upon breach thereof should be construed to be a penalty or liquidated damages is limited somewhat by the above statute, yet limitation seems to be in favor of a stronger inclination toward the allowance of actual damages. In 19 A. & E. E. of L. 397, we find the old rule stated thus:

"It is laid down as a general rule that where, upon a view of the whole contract and the circumstances surrounding its execution, it is yet doubtful whether a sum stated therein to be paid by the defaulting party on a breach should be deemed a penalty or liquidated damages, the courts incline to that construction by which the sum stated is regarded as a penalty. * * * The courts prefer, where practicable, to give an actual rather than an agreed compensation to a party injured by a breach of contract, actual compenstion being the favorite, as it is the fundamental principle of the law governing redress of civil injuries."

*Mansur-Tebbetts Implement Co. v. George R. Willet,* 10 Okla. 383, 61 Pac. 1066, is a case similar to the one at bar. The suit was brought on section 4 of the contract, which defendant admitted he broke. The part of the contract material to this case reads as follows:

"The purchaser agrees: Not to countermand this order or any part of it, or have shipment held beyond present season, except on payment to Mansur-Tebbetts Carriage Mfg. Co., of 20 per cent. of the invoice prices of said order, as liquidated damages; and in the event we countermand said order or prevent shipment as per this contract, we agree to pay said Mansur-Tebbetts Carriage Mfg. Co. said per cent. as liquidated damages. If shipment of this order is directed held beyond time specified in this contract, it may be so held or canceled at the option of said Mansur-Tebbetts Carriage Mfg. Co."

Justice Burwell in passing upon the question involved in that case says:

"This contract, in so far as it attempts to fix a given sum, or per centum of the purchase price of the goods, as liquidated damages, is absolutely void, and cannot be enforced. Our statutes (St. 1893, §§ 857, 858) provide: Section 857: 'Every contract, by which the amount of damages to be paid, or other com-

pensation to be made for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section.' Section 858: 'The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damages sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.' It would not be impracticable nor extremely difficult to fix the actual damages which plaintiff sustained by reason of defendant's refusal to receive the goods. Therefore under the laws of Oklahoma the parties could not stipulate as to any specific amount as liquidated damages."

We believe that the rule laid down in *Mansur-Tebbetts Implement Co. v. Willet, supra,* is applicable to the case at bar. It would not be impracticable or extremely difficult to fix the actual damages occasioned by a breach of the contract sued upon.

The judgment of the court below is affirmed.

All the Justices concur.