BERRY v. CHESTER *et al.*

No. 2189. Okla. T. Opinion Filed March 9, 1909.

(100 Pac. 519.)

**APPEAL AND ERROR—Determination and Disposition of Cause—Modification as to. Amount of Recovery.** In a suit in damages for the abuse of a team, where the undisputed testimony disclosed the sole loss of the plaintiffs to be the use of one horse for 21 days of the value of $1 per day, a verdict of $50 will be set aside by this court as not sustained by sufficient evidence, and the cause reversed, with directions to the trial court to enter judgment for plaintiffs for $21 if a voluntary remittitur be entered for $29, otherwise to grant a new trial, and the costs in this court divided equally between plaintiffs and defendant.

(Syllabus by the Court.)

*Error from District Court, Washita County; M. C. Garber, Judge.*

Action by W. F. Chester and another against A. D. Berry. Judgment for plaintiffs, and defendant brought error. Reversed and remanded, with directions.

*Massingdale & Duff,* for plaintiff in error.

*James W. Smith,* for defendants in error.

TURNER, J. On September 19, 1906, defendants in error, plaintiffs below, brought suit in damages against plaintiff in error, defendant below, in the probate court of Washita county for over-driving and abuse of a team let to defendant for hire. In that court plaintiffs failed to recover, but on trial anew in the district court judgment was rendered in favor of plaintiffs and against defendant for $50, whereupon, after motion for a new trial filed and overruled, he took the case by petition in error and case-made to the Supreme Court of the territory of Oklahoma, and the same is now before us for review.

There is no objection urged to the admission of testimony or to the instructions of the court. All that is complained of is that the verdict is unsupported by the evidence. The testimony discloses: That prior to this suit plaintiffs below were partners in the livery business at Cordell; that defendant, acting through his agents and servants, came to their stable and hired a team from them for the purpose of making a drive; that the reasonable market value of said team was then $180; that he drove said team from there to Sayre, about 45 miles away, and returned with it the same day; that upon its return to the barn that night it bore every evidence of exhaustion and that it had been unmercifully whipped; that the next morning their legs were stocked to their bodies and were very stiff, and the team then had no value; that one of the horses was traded off in a few days, and the other remained idle for 21 days at a loss of $1 per day to plaintiffs, during which time it was cured and is still owned by them. On the measure of damages, the court charged the jury:

"You are instructed that, if you find for the plaintiff in this case he is entitled to recover for the diminished reasonable market value of the horses after their recovery, so far as recovery was effected, and, in addition thereto, a reasonable compensation for the loss of the use of the horses while recovering from their injuries."

It is urged by plaintiff in error that there is no evidence

tending to prove the diminished market value of the team or either horse after its recovery, nor of loss of the use of the horse disposed of after the injury or the value of such use, and for that reason there is no evidence to support the verdict for more than the $21 proved to have been the loss of the use of the horse retained. We have carefully examined the record, and believe the point well taken, and are of the opinion that the verdict is unsupported by the evidence, except for said $21. It is fundamental that, where a party claims compensation for an injury sustained, he must show as a part of his case not only that he has suffered loss on account thereof, but the amount of it, and the burden of proof is upon him. This he must show with that reasonable certainty required by law. No damages can be recovered for an uncertain loss. 1 Sedgwick on Damages, § 170. It follows that the judgment of the lower court must be reversed, but in doing so under Wilson's Rev. & Ann. St. Okla. 1903, §§ 4751, 4754, our duty is plain. These sections were adopted from Kansas and were section 559 and 562, respectively, of the Kansas Code (Gen. St. 1901, §§ 559, 562). *Wichita & Colorado Railway Company v. Gibbs,* 47 Kan. 274, 27 Pac. 991 (1891) was a suit in damages to recover the value of a cow and calf killed by plaintiff in error while operating its line of road. There was judgment for plaintiff in the trial court on the verdict of the jury awarding damages for $64.59. On appeal the company contended that the verdict was not sustained by sufficient evidence. The court said:

"The testimony, though very weak, tends to sustain the claim of the defendant in error that the cow was killed in the operation of the railroad; but we are unable to find testimony which justified the jury in awarding damages in the sum of $64.59. The evidence of the plaintiff and his witnesses placed the value of the cow at $35, and the question of damages for the loss of the calf was excluded from the consideration of the jury. The only evidence as to any attorney's fee fixed the sum of $20 as a proper and reasonable charge. Gibbs, then, is entitled to $35, the value of the cow, with interest at 7 per cent. on that sum from September 4, 1886, when the cow was killed, until July 18, 1888, when the verdict was returned, which was $4.59, making the amount $39.59; and

this amount, with the $20 attorney's fee, is all that should have been included in the verdict. The judgment must therefore be modified, and the case is remanded, with the direction to the district court to enter judgment in favor of Gibbs for $59.59. The costs in this court will be divided between the parties."

We are therefore of the opinion, and it is so ordered, that the judgment of the trial court be reversed and remanded, with directions to enter judgment in favor of plaintiffs for $21, if they will enter a voluntary *remittitur* of $29, otherwise to grant a new trial. The costs in this court will be equally divided between the parties. We have not been favored with a brief on behalf of defendants in error.

All the Justices concur.