## HOME PATTERN CO. v. MASCHO.

No. 4234.   Opinion Filed April 20, 1915.)

(148 Pac. 131.)

1.  **CONTRACTS—Exclusive Contract—Validity.** An agreement of a retailer to buy a particular line of goods exclusively from a certain manufacturer thereof, for a limited period of time, and confined to a particular locality, in consideration of other covenants therein of mutual advantage to the parties, and when otherwise unobjectionable under the law, is not invalid.

2   **CONTRACTS—Restraint of Trade—Validity.** A contract between individuals, the main purpose and effect of which is to promote, advance, and increase the business of those making it, will not be held to be in restraint of trade and commerce merely because its operation might possibly, in some slight or theoretical way, incidentally and indirectly restrict such trade and commerce.

3.  **DAMAGES—Provision for Liquidated Damages—Validity.** A contract providing for the recovery of a fixed sum as liquidated damages upon a breach thereof is void to that extent, where the

ascertainment of the actual damages incurred because of the breach is neither impracticable nor extremely difficult. Section 975, 976, Rev. Laws 1910.

(Syllabus by Brewer, C.)

*Error from District Court, Lincoln County;*

*Chas. B. Wilson, Jr., Judge.*

Action by the Home Pattern Company against A. E. Mascho. Judgment for defendant, and plaintiff brings error. Reversed.

*Geo. B. Rittenhouse* and *F. A. Rittenhouse,* for plaintiff in error.

*R. H. Galyen,* for defendants in error.

BREWER, C. The Home Pattern Company sued A. E. Mascho, defendant in error, in the district court of Lincoln county on a written contract, wherein defendant had agreed to handle a line of patterns and stylebooks produced by plaintiff for a limited period of time, and in which suit it was sought to collect in the first count a certain amount of indebtedness alleged to be due under the terms of the contract; and in the second count a certain sum of money which it was alleged had accrued as stipulated or liquidated damages because of breach in the contract. The petition was challenged by demurrer: (1) That the contract upon which the suit was based was in restraint of trade, and therefore contrary to public policy and void; (2) that the provision in the contract, providing for liquidated damages, was in truth and in fact a provision for the recovery of a penalty and therefore void. The court sustained the demurrer to the petition, and plaintiff below brings this case here for review upon the questions of law thus arising.

The provision of the contract, which it is claimed shows that it is one in restraint of trade, is as follows:

"To give proper attention to the agency, keep up our assortment of sizes by reorders, and not to offer for sale any other

make of patterns. The stock of patterns is to be exposed and kept on sale on the first main floor, and we will not assign same or transfer them from —— without your written consent."

It is apparent that, when boiled down, the objection to this paragraph of the contract is to the agreement upon the part of the defendant not to offer for sale other makes of patterns for the limited period of time embraced in the contract; and this, it is contended, renders the contract void. We think it hardly necessary to go into an elaborate discussion of this point, for the reason that it has been decided adversely to demurrant in *Ripy & Sons v. Art Wall Paper Co.*, 136 Pac. 1080. In that case, the identical question is presented, arising in a somewhat different way, and the matter is treated exhaustively, we think, and a great number of cases are cited and liberal excerpts therefrom are embraced in the opinion. In the syllabus it is held:

"1. An agreement of a retailer to buy a particular line of goods exclusively from a certain manufacturer thereof, for a limited period of time, and confined to a particular locality, in consideration of other covenants therein of mutual advantage to the parties, and when otherwise unobjectionable under the law, is not invalid because in restraint of trade.

"2. A contract between individuals, the main purpose and effect of which is to promote, advance, and increase the business of those making it, will not be held to be in restraint of trade and commerce merely because its operation might possibly, in some slight or theoretical way, incidently and indirectly restrict such trade and commerce."

2. The second ground of demurrer, in so far as it affects the recovery of a stipulated sum for damages, in the event the main contract is shown to be breached, seems to be well taken. This provision of the contract provides, in substance, that upon a breach of the contract, the party in default—

"agrees to pay to the other a sum equal to the agreed charge for monthly stylebooks during the entire term of this contract order; such payments to be made as liquidated damages, and not as a penalty."

Section 975, Rev. Laws 1910 (section 1126, Comp. Laws 1909), provides:

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined, in anticipation thereof, is to that extent void, except as expressly provided by the next section."

This section, which seems to be but an expression of the general law, is somewhat modified by section 976, Rev. Laws 1910 (section 1127, Comp. Laws 1909), which reads:

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Of course, it is manifest that the only ground upon which the provision here under consideration can stand would be that in case of a breach of the contract, it would be impracticable or extremely difficult to ascertain the damage, considering the nature of the case. We think that a reading of the provisions of the contract and its obligations makes it clear that this contention cannot be sustained. It is provided therein that during the life of the contract, a maximum amount of patterns shall be taken each month, at prices ascertainable from the contract, with privileges, under certain circumstances, of returning portions of the same; that certain stylebooks must be ordered at certain prices, and at certain intervals. Upon all these points, the contract is somewhat minute in detail, and we have no doubt but that upon its breach, the amount of actual damages sustained could be more readily and more accurately ascertained than in many other cases where it is not thought difficult to properly fix and determine the damages. Although defendant in error argues this contention in his brief, he seems to have been unable to find the two decisions of this court which we think fully settle the point in his favor. This statute was discussed in *Mansur-Tebbetts Implement Co.*

*v. Willet,* 10 Okla. 383, 61 Pac. 1066, which cases was later reviewed in quite an elaborate opinion in *Haier v. McDonald et al.,* 21 Okla. 470, 96 Pac. 654. The syllabus to the case last cited reads:

"A clause or provision in a contract providing that either party failing to comply with and perform said contract shall pay to the other party the sum of $500, is in conflict with section 816, Wilson's Rev. & Ann. St. 1903, and therefore void, when by the nature of the case it would not be impracticable or extremely difficult. to fix the actual damages for breach of the contract."

In the body of the opinion, the facts are somewhat discussed in their relation to the question as to whether or not it would be "impracticable or extremely difficult to fix actual damages."

Without discussing at greater length the terms of the contract in the instant case, it is quite clear to us that this provision must fall. Under the statute, the contract is void only to the extent of the attempt to provide for a fixed penalty for the breach thereof. This would leave the remainder of the contract in full force and effect, under which a recovery might be had for any sums due for goods furnished under said contract, and also for actual damages, if any can be shown to exist.

Upon the whole, without going into any further discussion of the matters, it is sufficient to say that both points have been fully settled by the decisions of this court above referred to. The cause should therefore be reversed and proceeded with in the trial court in accordance with the views herein expressed.

By the Court: It is so ordered.