## J. I CASE PLOWWORKS v. STEWART.

No. 8960—Opinion Filed July 9, 1918.

(173 Pac. 1048.)

**1. Damages—Breach of Contract—Actual Damages.**

Where practicable, actual rather than stipulated damage for the breach of a contract will be awarded.

**2. Same—Liquidated Damages—Validity—Statute.**

A stipulation in a contract of sale of agricultural implements for the payment by the purchaser of a sum equal to 20 per cent. of the net aggregate amount of the sale, "as agreed and liquidated damages" for breach of the contract is inhibited by sections 974 and 976, Rev. Laws 1910, and is

void, unless it would be "impracticable or extremely difficult to fix the actual damage" arising from the breach of such contract.

### 3. Same—Actual Damages—Breach of Contract of Sale.

Upon consideration of the contract involved in the instant case, it is found that it would not be "impracticable or extremely difficult" to fix the amount of actual damage occasioned by its breach.

(Syllabus by Galbraith, C.)

Error from District Court, Delaware County; John H. Pitchford, Judge.

Action by the J. I. Case Plowworks against W. R. Stewart. Judgment for defendant, and plaintiff brings error. Affirmed.

J. G. Austin and Ellis, Cook & Barnett, for plaintiff in error.

Ad. V. Coppedge, for defendant in error.

Opinion by GALBRAITH, C. The petition filed by the plaintiff in error as plaintiff in the court below was cast in two counts: One for the value of goods, wares, and merchandise sold and delivered; the other for a stipulated sum as damages for the breach of written contract for the purchase of goods, wares, and merchandise. The contract in suit bore date of August 3, 1914, and was in the form of an order for implements signed by the defendant in error and accepted and approved by the plaintiff in error, containing detailed description of the kind and character of the implements, the prices to be paid, the time and manner of payment, and the discount to be allowed and various conditions affecting the sale, the aggregate purchase price being $1,667.88, and stipulating that shipment was to be made from the point of manufacture on or after February 11, 1915. The contract also contained the following clause in regard to its breach, which is relied upon as fixing the amount of the vendor's damage and the amount of vendee's liability, and for which the action was brought. This clause reads as follows:

"(g) If I, or we, countermand this order, or any part thereof, either before or after acceptance is indorsed at the Racine office, or cause shipment to be held beyond June 30, 1915, then I, or we, agree to remit with such request for such countermand or cancellation twenty per cent. (20%) of the net amount of goods so countermanded or held, or both countermanded and held, as agreed and liquidated damages. If such remittance does not accompany request for cancellation or countermand then you are at liberty to ignore such request."

The defendant answered the first cause of action, confessing the same and tendering payment thereof. To the second cause of action he interposed a demurrer on the ground that the facts stated were not sufficient to constitute a cause of action. The demurrer was overruled. The defendant then answered, averring that the provision of the contract providing for the payment of 20 per cent. of the amount of the order as stipulated damages for its breach was in the nature of a penalty, and was prohibited by the statute of Oklahoma, and alleging that he canceled and revoked the order on the 15th day of December, 1914, long prior to the date named for the shipment of the goods, and therefore the plaintiff had sustained no actual damages by reason of the breach of said contract. A jury having been waived, the cause was tried to the court. At the close of the plaintiff's evidence the defendant interposed a demurrer thereto on the ground that the same was not sufficient to sustain a judgment in favor of the plaintiff and against the defendant, inasmuch as the provision of the contract calling for the payment of stipulated damages to be recovered in the case of its breach was a penalty and void under the provisions of the statute. This demurrer was sustained, and judgment entered for the defendant on the second cause of action and exceptions saved, and, after overruling motion for a new trial, the cause was regularly brought to this court for review.

The assignment of error urged and relied upon for reversal of the judgment is the action of the court in sustaining the demurrer to the plaintiff's evidence. It is argued on behalf of the plaintiff in error that the provision of the contract above set out is not condemned by the statute, section 976, inasmuch as it would be impracticable or extremely difficult to fix the actual damages that would accrue to the plaintiff in error by reason of the breach of this contract; that it was necessary, in conducting the business of manufacturing farm implements, that orders for implements should be taken months in advance, in order that the wholesaler could make proper arrangements with the manufacturer for the quantity and quality of goods demanded by the trade in order to supply the retailers with the quantity and quality of goods his trade demanded, promptly and economically; that the expense in procuring the contracts in advance and the profits that would reasonably accrue to the wholesaler by reason of the retailer being able to supply parts for repairs for implements used in his territory, and the necessity of the wholesaler having a repre-

sentative of his implements in each trade community, and the loss that would accrue to him by reason of the cancellation of the order and the failure to secure a representative for its goods for the ensuing season and for possibly a long time thereafter; that all of these elements of injury entered into the questions of the amount of damages sustained by the plaintiff in error on account of the breach of this contract of sale, and made the amount thereof difficult to establish, and therefore justified the stipulation of the amount of damage for its breach by the parties. While it was no doubt true that it was greatly to the advantage of the wholesaler to know in advance the kinds and quantity of implements its trade would demand prior to the commencement of the trade season, and that the method adopted by the plaintiff in error enabled it to do business more economically and to make a greater profit on the volume of business done, and that the retail dealer may have derived some benefit from this method by being given lower prices, and the arrangement entered into may have been to the mutual advantage of the parties, as contended by the plaintiff in error, still this is not sufficient reason why the actual damage sustained by the breach of this contract could not be easily and readily established by proof.

The question raised in this case seems to be foreclosed by the decision of the courts in this jurisdiction. The evidence offered on behalf of the plaintiff did not show any actual damage. Therefore the reliance is wholly placed upon the stipulation of the contract for the amount of the recovery. In Mansur-Tebbetts Implement Co. v. George R. Willett, 10 Okla. 383, 61 Pac. 1066, the question was presented on a question similar in some of its features to that in the instant case. That was for the sale of buggies, and this was for the sale of plows; the amount of the stipulated damages being 20 per cent. of the amount of the order. The court held that that provision in the contract for the payment of 20 per cent. of the amount of the sale of the buggies ordered was void under section 976 of the statute, since it was not impracticable or extremely difficult to fix the amount of actual damages sustained by the vendor by reason of the breach of the contract. It seems that section 2863, Rev. Laws 1910, provides a reasonable measure of damage for the breach of the contract under consideration, and that there was no necessity or occasion for the parties to stipulate in advance for the amount of the damage for the breach thereof. Again in Haier v. McDonald et al., 21 Okla. 470, 96 Pac. 654, the court followed the decision

in the Mansur-Tebbetts Implement Co. Case, construing a contract of a similar character and involving the consideration of an application of the same principle as in the instant case. After quoting the section of the statute prohibiting such provisions in contracts, the court said in defense of this statute:

"The above sections of our statute are in substantial harmony with the general rule of law that the courts prefer, where practicable, to give an actual rather than an agreed compensation to the party injured by breach of contract; actual compensation being the favorite, as it is the fundamental principle of law governing redress for civil injuries. Recognizing the justness of the rule, no doubt the Legislature condemns as void to that extent all contracts which attempt to fix a compensation in anticipation of a breach thereof, unless it would be impracticable or extremely difficult to fix actual damage."

Also in Home Pattern Co. v. Mascho, 46 Okla. 55, 148 Pac. 131, the same rule is announced, and the same application of it is made. Likewise in Deming Inv. Co. v. Baird, 32 Okla. 393, 122 Pac. 676.

We therefore hold, under the rule announced in the foregoing cases and the application of the rule made therein to the varying state of facts therein set out, that it would not be "impracticable or extremely difficult" to fix the amount of the actual damages sustained by the vendor for the breach of the contract of sale under consideration, and therefore the attempt of the parties to stipulate the amount of damages for such breach was in direct violation of the provision of the statute, and therefore void, and the ruling of the court in sustaining the demurrer to the plaintiff's evidence was therefore correct.

The judgment appealed from should be affirmed.

By the Court: It is so ordered.