## HORSE SHOE MINING CO. v. RED ROSE LEAD & ZINC MINING CO. et al.

No. 13416—Opinion Filed April 22, 1924.

Rehearing Denied Oct. 14, 1924.

Second Rehearing Denied Nov. 12, 1924.

1.    Contracts — Validity — Liquidated Damages for Breach—Sale of Mining Property.

H., the record owner of an unimproved mining leasehold estate, sold all of its rights therein to R. The unrecorded contract, placed in escrow, provided that failure to pay the balance of purchase price should forfeit the rights of R. and that any payments made and any improvements erected on the leasehold should be retained by H. as liquidated damages, the latter to have the right of re-entry. Held, said contract did not create a lien or equitable mortgage on the improvements in favor of H. Held, further, that the forfeiture clause of said contract was void under sections 5068 and 5069, Comp. Stat. 1921, as attempting to fix the damages for the breach of contract in anticipation thereof, since the damage was the balance of purchase price and interest, not impracticable or extremely difficut to fix.

**2. Contracts — Construction — Intention of Parties from Writing.**

Section 5042, Statutes, supra, provides that when a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible. Parol evidence that H. and R. intended by the contract described in syllabus one to create a lien on the improvements in favor of H. for the balance of purchase price was incompetent, since it is clear that no lien was created, and it is not claimed that said contract ought to be reformed.

**3. Mechanics' Liens — Priority Over Rights of Seller of Improvements.**

Record examined, and held, assuming, without deciding that defendants in error who furnished material to R. had actual notice beforehand that a balance of purchase price was due H., they were entitled to liens on such improvements under section 7461, Statutes, supra, since R. was in fact the owner of such improvements.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Horse Shoe Mining Company, intervener, and certain defendants in error, had judgments against Red Rose Lead & Zinc Mining Company. The judgments of the latter were established as prior liens over that of the former on improvements on a mining leasehold estate. Horse Shoe Mining Company appeals. Affirmed.

Geo. T. Webster, for plaintiff in error.

Vern E. Thompson, Clyde Morsey, and A. G. Young, for defendants in error.

Opinion by ESTES, C. Plaintiff in error, Horse Shoe Mining Company, a corporation, herein referred to as intervener, was the owner of a mining leasehold estate in 20 acres of real estate in Ottawa county, on which there were no improvements. Its lease was duly recorded in 1917. Thereafter, in the same year, intervener entered into a contract with J. B. Rives and W. B. Atkins and assigns, providing for sale and conveyance to them of all its interest in such real estate, a mining lease being attached to such agreement, for $32,000—$10,000 in cash, $1,000 within 30 days, and the balance to be paid out of one-half of the net proceeds from the production of ore; that said purchasers should sink shafts and make other improvements for developing said lease; that the contract and lease should be deposited in a bank at Miami to be delivered when said purchasers complied with the contract. Said contract also contained the following which will be referred to herein as the forfeiture clause:

"It is mutually and expressly agreed that time shall be of the essence of this agreement and that the payments herein provided by second parties to be made and the things by second parties to be performed and done shall be made, performed and done at the time and in the manner specified and any failure to make such payments and performances by said second parties in any particular or at the time provided shall forfeit the rights of said second parties hereunder and any payments made and any improvements, machinery, or buildings placed upon said lands shall be retained by first party, and treated as liquidated damages, and this agreement shall be at an end and no further effect, the first party shall have the right to reenter and take possession of said premises without demand, notice or any legal proceedings."

This contract and lease were held by said bank and were never recorded. Soon thereafter Rives and Atkins sold and assigned all of their rights under said contract and attached lease, to defendant in error, Red Rose Lead & Zinc Mining Company, the latter assuming all of the obligations thereof. The Red Rose erected a mill and concentrating plant on the real estate at which time there was due the intervener $21,000 on the purchase price. Carrow Brothers, Long Bell Lumber Company, McNeal Machinery Company, and W. A. Hughes, defendants in error, herein referred to as lienors, furnished machinery, material, and labor, to the Red Rose for improvements. Lienors filed liens, sued thereon, and had judgments of foreclosure upon the leasehold interest of the Red Rose, and on the improvements, without joining the intervener. Intervener intervened, claiming a first lien upon both the leasehold and the improvements. Sale under the judgments of the lienors was postponed by the court, and the lienors joined issue with the intervener for priority. Certain other defendants as lien claimants, and Rives and Atkins, purchased peace with intervener by paying $2,200, leaving a balance of $18,800 due intervener. It is unnecessary to name these latter numerous parties, since they were released from personal liability and stipulated with intervener that the latter should have judgment in rem for said last named amount. The cause was then tried by the court, a jury being waived, on an agreed statement of facts, between intervener and said lienors, the Red Rose being a nominal party. Inter alia, the stipulation provided that the parties to the original contract (intervener and Rives and Atkins) and the scrivener who drew the same, understood that the words in the said forfeiture clause "and any improvements, machinery or buildings, placed upon said land shall be retained by first party, and treated

as liquidated damages" were to operate as giving to intervener a lien upon all such improvements; that this paragraph should be considered by the court in place of the testimony of the said parties to that effect, subject to the objection of lienors as to the competency, relevancy, and materiality of such facts, to be considered by the court in construing said contract. It was also stipulated that the liens and judgments of lienors were valid, subject only to the question of priority, provided intervener was entitled to a lien under the facts so stipulated. The court adjudged a first lien upon the leasehold to intervener for the amount due, and a second lien upon the improvements. The court adjudged a first lien pro rata, to the lienors on all of the improvements, and a second lien to them upon the leasehold. The lease having expired by its own limitations, the priority of liens upon the leasehold interest has become moot, being so suggested in brief. On this appeal by intervener the question to be determined is, Did the court err in decreeing a first lien on the improvements to the lienors, and a junior lien thereon to the intervener? The contentions of the parties will appear herein in the holdings on the essential propositions.

1. Section 3540, Comp. Stat. 1921, is:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry, with reasonable diligence, is deemed to have constructive notice of the fact itself."

Let it be remembered that the original lease, showing ownership in intervener, was of record. Let us assume, without deciding, that, under said statute, and Cahill-Swift Manufacturing Company et al. v. Sayer et al., 72 Okla. 88, 178 Pac. 671, it was the duty of lienors in the exercise of reasonable diligence to inquire of both intervener and the Red Rose the balance due the former on purchase price. Assume that intervener and the Red Rose had advised lienors of said contract in escrow in the bank, and permitted them to peruse the same before they extended credit to the Red Rose. Thereby lienors would have known by the forfeiture clause of said contract quoted above, that it was attempted thereby to fix the amount of damages for a breach of the contract in anticipation thereof. Said contract did not give to intervener a lien or equitable mortgage upon the improvements to secure the balance of the purchase price. It provides for the absolute forfeiture of the contract and reentry by intervener; that the payments made and any improvements erected be forfeited as the liquidated damages for the breach of said contract, that is for the

failure to pay said balance due, $18,800. It was not impracticable or extremely difficult to fix the actual damages for such breach. Evidently it was said sum plus the interest —a mere matter of calculation. Said forfeiture clause is void under sections 5068 and 5069, Statutes, supra, as follows:

"Every contract, by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided by the next section.

"A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Mansur-Tebbetts Implement Co. v. Willett, 10 Okla. 383, 61 Pac. 1066; Deming Investment Co. v. Baird, 32 Okla. 393, 122 Pac. 676; Home Pattern Co. v. Mascho, 46 Okla. 55, 148 Pac. 131; Haier v. McDonald, 21 Okla. 470, 96 Pac. 654; Briscoe v. Johnson, 73 Okla. 273, 176 Pac. 214; J. I. Case Plow Works v. Stewart, 70 Okla. 210, 173 Pac. 1048; Childs v. Moore, 57 Okla. 638, 157 Pac. 333.

It is unnecessary to decide whether said forfeiture stipulation was void as a penalty under the statutes of this state.

2. The stipulation quoted above, to the effect that the parties and the scrivener understood that intervener was given a lien on the improvements by said contract, was subject to the objections reserved by lienors as to the competency, materiality, and relevancy thereof. On the trial such objection was made and properly sustained by the court. Section 5011, Statutes, supra, provides that "the language of a contract is to govern its interpretation, if the language is clear and explicit and does not involve an absurdity." The following section provides "when a contract is reduced to writing the intention of the parties is to be ascertained from the writing alone, if possible, subject, however, to the other provisions of this article." Evidence of the intention of the parties to create a lien on the improvements was incompetent, since they clearly did not do so, and no reformation of the contract was sought. The said contract containing said forfeiture stipulation is plain, simple, and unambiguous, and, under said statutes and the following authorities, must be construed by taking same by its four corners; Whittaker v. Hughes, 14 Okla. 510, 78 Pac. 383; Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okla. 188, 192 Pac. 209; Romans v. Shannon, 80 Okla. 199, 195 Pac. 298; Union Trust Co. v. Shelby-Downard Asphalt

Co., 55 Okla. 251, 156 Pac. 903; Strange v. Hicks, 78 Okla. 1, 188 Pac. 347; Mann et al. v. Brady, 80 Okla. 299, 196 Pac. 346.

In Cahill-Swift Manufacturing Company et al. v. Sayer et al., supra, it is explained that the lien attaches only to the estate and interest owned by the person making the contract. It is clear under section 7461, Statutes, supra, that lienors were entitled to priority of liens against such improvements.

It follows that there was no error committed and it is recommended that the judgment of the trial court be affirmed.

By the Court: It is so ordered.