## HAUBELT v. BRYAN & DOYLE.

No. 25453.    April 2, 1935.

Paul Brown, for plaintiff in error.

Spiers & Bodovitz, for defendant in error.

PER CURIAM. This action was originally instituted in a justice of the peace court, and the pleadings do not set forth the issues involved. The trial court evidently considered the pleadings as amended to conform to the proof, and we shall do likewise.

The undisputed testimony discloses: That the plaintiff in error purchased from the defendant in error certain office furniture and office supplies for a total purchase price of $234.10. On the 12th day of April, 1929, a conditional sales contract was executed and delivered covering a part of said furniture, the purchase price of which was $205.84. This left an open account of $28.26.

We shall refer to the plaintiff in error as the vendee and to the defendant in error as the vendor.

According to the terms of the conditional sales agreement, the vendee agreed to pay the purchase price stipulated therein as follows: $55.84 upon the execution of the sales agreement; $50 on May 1, 1929; $50 on June 1, 1929; and $50 on July 1, 1929.

No payments whatsoever were made on the conditional sales agreement, nor was the open account paid. On June 14, 1929, the vendor elected to and did regain possession of the chattels covered by the conditional sales agreement. The vendor thereafter sold the property without notice for a small sum.

The conditional sales agreement contained three remedies, any one of which the vendor might elect to pursue upon default of the vendee, to wit:

"First. It may without demand or performance or notice, retake possession of said

property, and may, at public or private sale, with notice, with or without having the property at the place of sale, and upon such terms and in such manner as it may determine, sell the said property (seller being permitted to bid at any public sale) and after deducting all expenses (including reasonable attorneys fees) incurred therein, credit the net proceeds of the sale to the unpaid balance due hereunder; and the surplus shall be paid to buyer: and the buyer agrees to pay to seller any deficiency remaining under this contract or under said promissory notes after such resale is completed and the proceeds applied as herein provided; or

"Second. It may without notice elect to treat the entire remaining balance of the purchase price and evidence evidenced by said promissory notes, due and payable immediately and sue therefor; or

"Third. It may take possession of said property wherever and whenever found, and with or without notice, or demand, may elect to treat buyer in default: and, in such event, all of the rights, titles and equities of the buyer in said property shall immediately cease and determine, and seller shall be released from all obligations to transfer or deliver said property to the buyer, and all sums of money theretofore paid, and all sums then due and unpaid by the buyer to the seller hereunder or under said promissory notes shall remain the property of seller and shall be considered compensation for the use, wear, and tear and depreciation on said property, and buyer agrees forthwith to pay all of said payments which are then due and unpaid."

Promissory notes were given at the time of the execution of the contract. The conditional sales contract provides: "It being agreed,' however, that said notes are not payment, but merely evidence of these amounts to become due hereunder."

Vendor, after obtaining possession of the chattels, brought suit for the full amount due upon the purchase price, and judgment for the full amount was granted. This was error.

The contract between the vendor and the vendee reserves title in the vendor until the full purchase price is paid. There are no other provisions in the contract inconsistent with that provision. From the language used in the contract, it was clearly the intention of the parties that the sale was a conditional sale, with certain remedies given the vendor. The contract is a conditional sales agreement. Security National Bank of Oklahoma City v. Truscon Steel Co. et al., 92 Okla. 81, 218 P. 665; C. Cretors Co. v. McMillan et al., 106 Okla. 260, 234 P. 189;

Phelan et al. v. Stockyards Bank et al., 134 Okla. 13, 276 P. 175.

A conditional sale contemplates the relation of seller and buyer and does not create the relation of debtor and creditor. The mere fact that the promise to pay is absolute does not make the agreement any the less a conditional sale agreement. Nor does the fact that notes were given for the purchase price change the relation of seller and buyer to one of creditor and debtor, unless, of course, the notes were given and accepted in full payment of the purchase price. The essential elements of a conditional sale existing in the contract between the vendor and vendee, in the contract before us, its character as such is not affected by the execution and delivery of notes for the purchase price, since the contract clearly provides that the notes are not for the purpose of payment of the purchase price, but were executed and delivered merely as evidence of the amounts to become due under the contract. The whole contract is to be considered and no detached term or condition is to be given prominence or effect over another.

It is settled law in this jurisdiction that the security retained by the vendor in a conditional sale agreement is not a lien, but a reservation of title in the vendor, with the right to pursue the property in specie. An equitable lien foreclosable in equity does not arise in favor of the vendor under a reservation of title in an executory sale of chattels on condition, where it is obvious from the terms of the contract that the vendee acquires no title or right of ownership until the chattels are fully paid for. The title is reserved in the seller, with the right, at his election, to retake possession of the chattels upon a breach by the vendee of the terms and conditions of payment; especially is this true where the contract provides that the buyer shall acquire no interest or title or equity therein by virtue of the payment of a part of the purchase price. National Cash Register Co. v. Stockyards Cash Market et al., 100 Okla. 150, 228 P. 778.

A vendor under a conditional sale agreement, upon default of the vendee in the terms of payment, has two remedies: First, he may treat the sale as absolute and maintain an action for the purchase price, or, second, he may rescind the contract and recover possession of the chattels. He cannot do both. He must elect which remedy he intends to pursue, and having done so no other remedy is open to him. Where an

election is made, it is final and irrevocable, irrespective of intent. D. M. Osborne & Co. v. Fritz Walther, 12 Okla. 20, 69 P. 953; Galbreath v. Mayo et al., 70 Okla. 252, 174 P. 517.

If the seller brings suit to recover the price of the goods sold, he waives his reservation of title and the sale becomes absolute. This is on the theory that title in the seller to the thing sold is inconsistent with an action to recover the debt due for its purchase.

If the seller elects to rescind the sale and retake possession of the property, the sale rule in all other rescissions of contracts applies, he must return everything of value to the buyer. The parties may properly contract that the seller may retain any sums paid, if this term of the contract is supported by a sufficient consideration. If the parties agree that the amount paid is the reasonable rental value of the property and may be retained, this is valid and binding upon the seller and the buyer.

When the seller retakes possession of the property, he looks to the property and not to the buyer. Thus he cannot maintain any further action for recovery, unless the contract of the parties so provides, and also unless this provision of the contract is supported by a valuable and sufficient consideration. Where the seller rescinds the conditional sale and retakes the property, he may recover a money judgment from the buyer where their contract so provides, if this provision is supported by a valuable consideration. McCormick Harvesting Mach. Co. v. Koch, 8 Okla. 374, 58 P. 626. The question of recovering a general deficiency is not before us, and we do not pass upon that proposition.

The contract before us provides that upon a rescission by the seller or vendor, the buyer or vendee agrees to pay to the vendor all the payments due under the contract at the time of the rescission as compensation for the possession, use, wear, tear, and depreciation of said chattels. This provision is valid and enforceable. The parties at the time of sale may incorporate in their contract any terms, conditions or provisions which are not unlawful or against public policy, which are supported by a sufficient consideration, and the courts will not make new contracts for them nor add to nor subtract from their contracts, but will be content to enforce the contract as made by the parties.

The provision in the contract before us to pay the payments due, upon rescission, for the use, possession, wear, rental, and depreciation, is supported by a sufficient consideration; the possession and use of the chattels being a sufficient consideration for that provision. Thus it necessarily follows that since this provision in the contract is valid and enforceable, vendor may maintain an action for the recovery of the payments due on the date of the rescission by the vendor.

Plaintiff in error contends that since defendant in error sold the property without notice, he is not entitled to recover any unpaid installments, but we believe that this is immaterial, as the vendor undoubtedly was proceeding and did proceed under the third remedy contained in the contract, and no sale was necessary. The law pertaining to chattel mortgages has no application here.

Having concluded that vendor may recover any payments that were due at the time of the rescission of the sales agreement, it is necessary to determine the amount then due. There was no dispute in the evidence. At the time of the rescission, there was due $155.84. In addition, there was due and unpaid an open account in the sum of $28.26, or a total of $184.10.

It follows that the judgment of the trial court must be reversed, but we may require a remittitur. Berry v. Chester et al., 23 Okla. 340, 100 P. 519.

We are therefore of the opinion, and it is so ordered, that the judgment of the trial court be reversed and remanded, with directions to enter judgment in favor of the plaintiff in the sum of $184.10, if the plaintiff will enter a voluntary remittitur of $13.88, otherwise, to grant a new trial. The costs of this appeal in this court shall be equally divided between the parties.

The Supreme Court acknowledges the aid of Attorneys Whit Y. Mauzy, Garrett Logan, and Paul B. Mason in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mauzy and approved by Mr. Logan and Mr. Mason, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.