## C. I. T. CORPORATION v. FISHER.

No. 27881.   May 21, 1940.

*102 P. 2d 848.*

Thos. J. Horsley and Hicks Epton, both of Wewoka, for plaintiff in error.

John T. Cooper and John T. Cooper, Jr., both of Wewoka, for defendant in error.

PER CURIAM. This action was brought to recover a balance alleged to be due upon a note which had been executed in connection with a conditional sales contract. The plaintiff in error, hereafter referred to as plaintiff, in its amended petition alleged, in substance, that it was the owner and holder in due course of a note and conditional sales contract which defendant had executed and delivered to Lane Motor Company by means of which he had acquired possession of a certain automobile, the title to which had been retained by the vendor in the conditional sales contract, and that before any payments had been made upon said note the automobile involved had been wrecked and delivered to the plaintiff and by it sold and the proceeds so derived applied on said note, and prayed judgment for the balance represented by the note, together with attorney fees as therein provided. A demurrer to said petition was sustained. The plaintiff elected to stand upon the petition, and thereupon the action was dismissed and judgment entered in favor of defendant for costs. This appeal is from such order and judgment.

The sole issue presented for determination, one of law, is whether the plaintiff could accept the wrecked automobile, sell it, and apply the proceeds upon the note and then maintain an action upon the note for the balance due thereon.

In support of its contention that plaintiff was entitled to maintain the action on the note for the balance due thereon we are cited to McCormick Harvesting Mach. Co. v. Koch, 8 Okla. 374, 58 P. 626, and a number of cases from other jurisdictions, in most of which the uniform conditional sales law prevails. While the cases so cited are authority for the rule that a vendor may rescind a conditional sales agreement and retake the property and resell it and maintain an action for the balance of the agreed purchase price where the con-

tract so provides and such provision is supported by a valuable consideration (see Ann. 37 A. L. R. 91, 83 A. L. R. 959, and 99 A. L. R. 1288), such rule has no application to the case at bar, since the provision in the contract here involved and upon which the plaintiff relies and which reads as follows:

"Or said chattel may be sold with or without notice either at public or private sale * * * or without sale it may be credited upon the amount unpaid at fair market value of said chattel at the time of repossessing same, and in either event as liquidated damages for the breach of this contract, I, or we, promise and agree to pay the balance forthwith"

—attempts to fix the damage for the breach of the contract without reference to the actual damages, if any, that would result therefrom. It has been repeatedly held that such a provision is in contravention of the statute, section 9489, O. S. 1931, 15 Okla. St. Ann. § 214, and hence unenforceable. Mansur & Tebbetts Implement Co. v. Willet, 10 Okla. 383, 61 P. 1066; Haier v. McDonald, 21 Okla. 470, 96 P. 654; Deming Inv. Co. v. Baird, 32 Okla. 393, 122 P. 676; Home Pattern Co. v. Mascho, 46 Okla. 55, 148 P. 131; J. I. Case Plowworks v. Steward, 70 Okla. 210, 173 P. 1048.

Under these circumstances we are of the opinion that the applicable rule is that announced in the cases of National Cash Register Co. v. Stockyards Cash Market, 100 Okla. 150, 228 P. 778 and Haubelt v. Bryan & Doyle, 171 Okla. 338, 43 P. 2d 68, which point out that in this jurisdiction a vendor in a conditional sales contract has two remedies in case of default by the vendee, which are to either treat the sale as absolute and sue for the purchase price or to retake the property under the terms of the contract, and that in such condition the vendor is put to an election with respect to the remedy which he will pursue. The plaintiff by accepting the automobile in controversy and selling it elected to retake the property and this election became final and irrevocable irrespective of intent. Galbreath v. Mayo, 70 Okla. 252, 174 P. 517; Haubelt v. Bryan & Doyle, supra. Since the al-

legations of plaintiff's petition showed that the maintenance of the action had been precluded by a prior election to pursue a different and inconsistent remedy, the demurrer to the petition was properly sustained.

Judgment affirmed.

RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur.