SELECTED INVESTMENTS CORPORATION, a Corporation, Plaintiff in Error,

v.

W. B. ANDERSON and Dean Anderson, Defendants in Error.

No. 37661.

Supreme Court of Oklahoma.

Nov. 19, 1957.

Rehearing Denied Dec. 24, 1957.

589

Washington, Thompson, Wheeler & Camp, Oklahoma City, for plaintiff in error.

Ross Hutchins, Marlow, for defendants in error.

## PER CURIAM.

The parties to this action occupy the same relative positions here as in the trial court and hereinafter will be referred to as plaintiff and defendants. The plaintiff initiated the action by its petition seeking a money judgment for the amount alleged to be due on a conditional sale contract, assigned to it by the vendor of the chattel, upon which the defendants had become delinquent in their payments. The defendants answered, and the plaintiff then moved for judgment on the pleadings. The defendants responded with a motion for judgment on the pleadings, whereupon the court overruled plaintiff's motion and sustained the motion of the defendants.

The plaintiff's petition alleged the execution and delivery by defendants of the conditional sales contract; the assignment of the contract to plaintiff; the terms of the instrument; the default of the defendants and the amount remaining due thereon and unpaid. A copy of the contract was attached to the petition. The defendants' answer merely alleged that the chattel covered by the conditional contract of sale had been "retaken" by the plaintiff and that therefore an election had been made by plaintiff which barred an action for the balance of the purchase price. The contract provided that upon default of any payment the entire balance became due immediately, which balance the vendee agreed to pay. It also provided:

"* * * or at the election of the holder of this contract (I agree) to return said article(s) * * * on demand * * * hereby granting to you * * * the right to enter and take possession of and remove said article(s) * * * and agreeing that in such case all payments heretofore made thereunder shall belong to you or your assigns as liquidated damages for the nonfulfillment of this contract and for loss in value of said article(s) and for the use and rental thereof, or said article(s) may be sold * * * and the proceeds thereof, less expenses, credited upon the amount unpaid and in either event, as liquidated damages for the breach of this contract. In case there shall then remain unpaid hereon any part of the debt * * * the undersigned agrees to pay to you * * * said deficiency, * * *".

The plaintiff in error contends that this contract authorizing the repossession, sale, application of the proceeds of sale to the debt, and suit for any deficiency, is valid. Conversely, defendants contend that the provision in this contract is not enforceable and that, by retaking possession of the chattel, the plaintiff elected between two inconsistent remedies thereby precluding this action for the balance due. Galbreath v. Mayo, 70 Okl. 252, 174 P. 517; National Cash Register Co. v. Stockyards Cash Market, 100 Okl. 150, 228 P. 778. The rule of election of remedies applied in the cited cases apparently did not involve conditional sales agreements with contractual provisions similar to the ones in this contract.

In the subsequent case of Haubelt v. Bryan & Doyle, 171 Okl. 338, 43 P.2d 68, contractual terms which authorized recovery of all payments due at the time of the rescission of the agreement were considered by the court, held valid where supported by consideration, and enforced. Thus the result was a modification of the theretofore expressed rule relating to an election by the repossession of the chattel in a conditional sales, contract, if the contractual provisions authorized the action. Thereafter, in Welles v. Acree Motor Co., 188 Okl. 173, 107 P.2d 175, 177, a provision in a conditional sales agreement quite similar to the one here involved was held valid. Therein the court reiterated with approval the language of. the Haubelt case, as follows:

" 'The parties at the time of sale may incorporate in their contract any terms, conditions, or provisions which are not unlawful or against public policy which are supported by a sufficient consideration, and the courts will not make new contracts for them nor add to nor subtract from their contracts, but will be content to enforce the contract as made by the parties.' "

Thus we are firmly committed to the general rule that provisions of the nature here called in question are valid where incorporated into a conditional sale contract and that the repossession of the chattel for this purpose, where authorized in the agreement, is not an election or rescission of the agreement barring an action for any deficiency remaining after application to the debt of the proceeds of the sale.

■ Defendants earnestly contend that an almost identical provision was held unenforceable in C. I. T. Corp. v. Fisher, 187 Okl. 314, 102 P.2d 848. The inept inclusion in this contract of the phrase "liquidated damage" neither adds to, nor subtracts from, the pertinent provisions of the agreement, and should not be allowed to control over an otherwise valid provision authorizing a method whereby the parties might expeditiously dispose of controversy. We do not think that this contract attempted to fix damages in anticipation of a breach.

■ Notwithstanding our conclusion, it is not possible to dispose of this action by judgment on the pleadings. The defendants' answer pleads that plaintiff has retaken the chattel. It is not clear from this allegation alone whether the plaintiff has in actuality elected which of the alternatives provided by the agreement it would pursue. Proof might disclose that an election to rescind had not been made. In so far as our decision herein is in conflict with C. I. T. Corp. v. Fisher, supra, the latter is overruled.

The judgment herein appealed from is reversed and the cause is remanded to the trial court with directions to proceed.

CORN, V. J. C., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by. the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.